This day the President repeated the case, and delivered the opinion of the Court as follows.
Shippen, President.
The question arises upon the will of Thomas Busby, whether the devise to his wife of a certain piece of land therein mentioned, passes a fee simple, or an estate for life only.—There are no words of limitation in the devise; but, it is contended, that in the introductory part of the will, and by the whole will taken together, it was the clear intention of the testator to pass a fee. The intention of the testator is said to be the pole star to guide the construction of wills.—But there are two qualifications to this rule; 1st That this intention must not clash with the rules of law; and 2dly that where legal technical terms are wanting, the intention, to supply them, must be clear and manifest from the words and expressions in the will.
The will begins with these words; “And as to what worldly “estate I am blessed with, I dispose of as followeth”—There are three devises which relate to the real estate: First, a devise “to his “son Isaac Busby of the house and plantation where the testator then “dwelt, with all the appurtenances thereunto belonging, to have, “and to hold unto the said Isaac Busby his Heirs and Assigns for ever, “he paying his brother ten pounds a year during his natural life.” The second devise is to his wife of the land now in dispute, in these words: “I give, devise, and bequeath, unto my wife Mary, a cer-“tain piece of land bounding on William Busby &c. Also I give my “said wife one third of such moveable estate as shall be remaining “after the payment of my debts and funeral expences, and such le-“gacies as are herein, after given, which shall be in lieu of her dower or “thirds of my estate.”—He then gives several pecuniary legacies to his several children, and bequeaths the remaining two thirds of his personal estate to his son Isaac and his five sisters, equally to be divided between them.—And the third and last disposition of his land is a direction, that his house and land by the mill should be sold by his executor.
The word “Estate” in a will, connected with a devise, as where a man gives all the residue of his estate, or gives his Estate in such a place, will pass a fee simple without words of inheritance; because it shall be intended that he meant to give the whole estate which he himself had, both as to quantity and quality. The words, “As to all my worldly estate,” in the beginning of the will, unconnected with any particular devise, shew an intention to dispose of his whole estate, but will not carry an estate that is clearly omitted; but if it be dubious whether it be omitted or not, it will help the interpretation. There are many cases in the law books of wills beginning with these words: I shall content myself with animadver *227 ting upon only two of them, cited, one, on one side of the question, and the other, on the other side, as they appear to me to be the most similar to the present case, as to this point.
The first is the case of Frogmorton v Holiday in 1 Black Rep. 535. and 3 Burr. 1618.—The will in that case began, as here, “ As to all her worldly affairs and estate;” it is similar to it likewise in disposing of the residue of her personal estate, and not mentioning the realty, and also in containing a devise of another estate with words of inheritance. But there is an ingredient in that case, on which the greatest stress appears to have been laid by the Judges ; which was, that, in the devise, the trustee charged the house and garden with the payment of fifty pounds out of the yearly rents and profits; the annual rent was ten pounds a year; the devisee was about seven years old at the death of his mother, and there was a direction that if the devisee should die in his minority, then the house and garden should go to the testatrix’s three daughters share and share alike.—Here, though the charge on the Profits, unconnected with other circumstances, would not have passed a fee, yet the Court said this was a middle case, and that the reason why this mode of payment was ordered, was apparently because the devisee was a minor, and the limitation over, if he should die before the age of 21, shewed the testator meant the heir should not have it; for, if the devisee was barely to take an estate for life, the time of his death must be immaterial to the devise over ; but limiting it over, only upon the contingency of his dying in his minority, shewed that the testator intended to give him an absolute estate in fee, which he might dispose of when he came of age.—The implication was therefore thought by the Court to be a necessary one, and the other parts of the will assisted the construction.
The case cited on the other side as most material, is the case of Frogmorton v. Wright in 2 Blackst. R. 889.—There the will began, as here, “As to all my temporal estate;” there were no words of inheritance in the particular devise, and there was a disposition of the residue of the personal estate only. There the Court said, though the probable intent of the testator was an absolute disposition, yet it is not a certain intent, nor is it a legal disposition.—In the report of the same case, in 3 Wils. 414, the whole will is set out, and it appears that there were two devises of lands to his different nephews, nearly in the same words, and several pecuniary bequests to his other nephews and nieces. The Chief Justice there says, it may seem probable that the testator’s intention was that his nephew William should have a fee; but it is a clear rule of law that there must be express words or a necessary implication to disinherit the heir at law, and where neither of them appear, the legal operation of the words of the will must govern. In he case first mentioned, in 1 Blackstone, the Court say, there was a necessary implication, and, therefore, they determined it a fee: In the latter case, there was no necessary implication, therefore, they determined it only an estate for life.
*228 The implications contended for, on the part of the Plaintiff, in this case, do not appear to me to be necessary implications; they amount at most to probable ones; but we are not warranted in departing from the rules of law by probable conjectures.—And, it may be questioned, whether even these probabilities, are not overbalanced by the presumptions arising from the devise of his house and plantation to his son Isaac Busby, in which he carefully and formally inserts an habendum to him, his heirs and assigns for ever: And also by his adding to the devise of the land in controversy, that it should be in lieu of her dower or thirds of his estate; it being well known in the country that such dower or thirds of land is only during life.
We are, therefore, of opinion that Mary Busby took only an estate for life by the devise.
Judgment for the Defendant.