RUSHMORE v. RUSHMORE et al.

(Supreme Court, General Term, Fifth Department.  January 23, 1891.)

**1. WILLS—LEGACY ON CONDITION.**
    A condition in a will that the legatee must possess such traits of character and
    business habits as to assure the executor, at the time named for payment of the
    legacy, that the legatee will make a prudent use thereof, is a reasonable and valid
    condition precedent to the vesting of the legacy.

**2. SAME—RIGHTS OF LEGATEES—DISTRIBUTION PER CAPITA.**
    By item 22 of his will testator gave all the residue of his estate to his nephew R.
    and to certain nieces, "to be divided equally between them share and share alike,
    to have and to hold the same, their heirs and assigns, forever." By a codicil he
    provides that "item 22 of my said will is so changed, and I so direct, that the chil-
    dren of my niece H., have an equal share with my nephew R. and others therein
    mentioned, * * * to be equally divided between them, share and share alike."
    Held, that the children of H., as a class, took an equal share with R., which share
    was to be divided equally among them, and did not take per capita with R. and the
    other legatees under item 22.

**3. CHARITIES—CERTAINTY OF BEQUEST.**
    A bequest to "the trustee and two of the tax-payers paying the largest school
    tax in district No. 11, in the town of Farmington, the sum of $2,000, to be safely in-
    vested by them, and one-half of the interest thereof to be annually used to purchase
    school-books and clothing for the indigent children residing in said district," is not
    objectionable for uncertainty either in respect to the trustees or the beneficiaries.

Appeal from special term, Ontario county.

Action by John W. Rushmore, as executor, etc., of Jeremiah Rushmore,
against Frank Rushmore and others, impleaded with Mary Rushmore.  Frank
Rushmore appeals from so much of the judgment entered on the decision of
this court at special term as limited the legacy given to him by the last will
of Jeremiah Rushmore upon the condition that the legatee answer certain re-
quirements made in the will in respect to his habits, character, etc.; defendant
E. Adelbert Adams, as trustee of school-district No. 11 in the town of Farm-
ington, appeals from that part of the judgment by which a legacy to the
school-district was adjudged to be void for uncertainty, both as to the trustee
and beneficiaries; and defendants George M. Adams and Ida Harmon appeal
from the same judgment declaring that they take a bequest per stirpes, and
not per capita.

· Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

S. B. McIntyre, for appellants E. Adelbert Adams, trustee, and Frank
Rushmore.   John D. Lynn, for appellants George M. Adams and Ida Har-
mon.   Wm. H. Smith, for respondent Mary Rushmore.   S. N. Sawyer, for
plaintiff, respondent.

MACOMBER, J.   This action is brought for the construction of the last will
and testament of Jeremiah Rushmore.   In respect to the appeal of Frank
Rushmore, it may be said, in brief, that the legacy of $3,000 to him, men-
tioned in the fourteenth and twentieth clauses of the will, is plainly made pay-
able not until he arrives at 25 years of age, and even then not until after the
decease of the testator's wife, Mary Rushmore; and provided, further, that
he should possess such traits of character and business habits as to assure
the executor, at the time of the payment of the money, that the legatee will
make a prudent use of the gift.   There is nothing ambiguous or uncertain in
this part of the will.   It requires no construction.   It contains no unreason-
able condition.   It was but a condition precedent to the vesting of a legacy.
Caw v. Robertson, 5 N. Y. 134.   An argument is addressed to us in behalf
of the appellants George M. Adams and Ida Harmon, by which it is claimed
that these appellants take per capita, and not per stirpes.   The legacy to
them is contained in item 22 of the will, which bears date the 25th
day of February, 1886, and the ninth item of the codicil thereto, which bears
date the 7th day of March, 1888.   They are not named in item 22 of the will,

but the item of the codicil is as follows: "(9) Item 22 of my said will is so changed, and I so direct, that the children of my niece Helen Adams have an equal share with my nephew John W. Rushmore and others therein mentioned, to have and to hold the same, their heirs and assigns, forever, to be divided equally between them, share and share alike." Item 22 of the will is as follows: "All the rest and residue of my estate which shall remain after the decease of my wife, and the legacies hereinbefore mentioned are paid, I give and bequeath to my nephew John W. Rushmore; my niece Martha Briggs; my niece Eliza J. Briggs; Lucy Rogers, wife of Abram Rogers; Ella Sawyer, wife of Henry H. Sawyer; and my niece Catherine Packard,—to be divided equally between them, share and share alike, to have and to hold the same, their heirs and assigns, forever." The provisions in the will and codicil, taken together, show that the intention of the testator was to give to the children of his niece Helen Adams the same share of his estate which Helen Adams doubtless would have received had she been living at the time of the making of the codicil. As a class they were to receive "an equal share with my nephew John W. Rushmore, * * * to be divided equally between them, share and share alike." In construing this part of the will, the important considerations are that Helen Adams' children were to receive an equal share with a certain nephew, and that such share should be equally divided between such children, share and share alike. This language is determinate and unquestionable. These appellants together take only the same amount as John W. Rushmore.

The appeal taken by the trustee of school-district No. 11 presents some difficulties. His claim in behalf of his district rests upon the nineteenth item of the will, which is as follows: "I give and bequeath to the trustee and two of the tax-payers paying the largest school tax in district No. 11, in the town of Farmington, the sum of $2,000.00, to be safely invested by them, and one-half of the interest thereof to be annually used to purchase school-books and clothing for the indigent children residing in said district, and one-half applied to pay for the wages of the teachers employed in said district, but not to be used until the district has maintained school at least twenty-eight weeks in each year, respectively." The learned justice at the trial has adjudged this provision of the will to be inoperative and void, because of its uncertainty, both in respect of the trustees charged with the duty of executing the trust, and of the beneficiaries therein named. In regard to the trustee of school-district No. 11, there can be no reasonable question made but that there was at the time of making the will and at the time of bringing this action a person, and but one person, answering that description. It does not appear in the printed record who the tax-payers paying the largest school-district tax in this district are, but their names can be easily ascertained in any judicial inquiry that may be made. Even if this were otherwise, the statute, to which reference will presently be made, comes to the assistance of the testator, and saves the legacy to the objects of his bounty. In the revision and consolidation of the general acts relating to public instruction, passed May 2, 1864, and the various acts amending the same, there is a provision for the granting of certain bequests and devises for the benefit of common schools. 2 Rev. St. (6th Ed.) p. 53, § 15. By this statute "real and personal estate may be granted, conveyed, devised, bequeathed, and given in trust and in perpetuity or otherwise, to the state, to the superintendent of public instruction, for the support or benefit of common schools within the state, or within any part or portion of it, or of any particular common school or schools within it; and to any county, or the school commissioner or commissioners of any county, or to any city or any board or officers thereof, or to any school commissioner district or its commissioner, or to any town or supervisor of a town, or to any school-district or its trustee or trustees, for the support and benefit of common schools within such county, city, school commissioner district, or

within any part or portion thereof, respectively, or for the support and benefit of any particular common school or schools therein." "Sec. 16. No such grant, conveyance, devise, or bequest shall be held void for the want of a named or competent trustee or donee; but, where no trustee or donee or an incompetent one is named, the title and trust shall vest in the people of the state, subject to its acceptance by the legislature; but such acceptance shall be presumed." Under this act the bequest that one-half of the interest of $2,000 shall be paid for the wages of the teachers employed in the district is divisible from the other portion of the bequest, and is clearly valid under the statute already quoted. There is some doubt, however, in respect to the provision for the payment of the other one-half of the interest for the purchase of school-books and clothing for indigent children residing in the district. But, on the whole, we are inclined to resolve the doubt in favor of the legality of the intention of the testator. If he had devoted one-half of the interest for the payment of school-books for the use of indigent pupils in the district, there would have been no question of its legality; but coupling the purchase of the necessary clothing for such children with the purchase of school-books, throws some doubt upon the matter, for who shall tell how much may be devoted to the purchase of books and how much to clothing for the indigent scholars? Among the powers of inhabitants of school-districts assembling in any district meeting is "to vote a tax, not exceeding $25 in any one year, for the purchase of maps, globes, blackboards, and other school apparatus, for the purchase of text-books and other school necessaries for the use of the poor scholars of the district." Subdivision 8, § 16, p. 64, 2 Rev. St. (6th Ed.) This shows that the subject-matter of the expenditure for text-books is cognizable by the school-district, and whatever the school-district by vote may lawfully raise by taxation ought to be deemed to be valid when contained in a last will. The statute shows that the purpose is worthy and legal. This bequest is not to the children of the school-district, but it is to the school-district itself, to enable it to defray such expenses as it might legitimately and lawfully incur, and for which payment might be provided by taxation upon a vote of the inhabitants of the district. We are not prepared to say that the expression "other school necessaries for the use of poor scholars" of the district, used in the statute, which is a legitimate matter to provide, in addition to text-books, for poor scholars, may not properly include the necessary clothing of indigent children, so as to enable them to avail themselves of the opportunities afforded by the public schools. On the whole, we are of the opinion that this provision of the will is not inimical to the objections made to it, and that it is capable of intelligent enforcement. We have examined the authorities cited by counsel in opposition to this view, viz.: *In re O'Hara's Will*, 95 N. Y. 403; *Bascom* v. *Albertson*, 34 N. Y. 584; *Levy* v. *Levy*, 33 N. Y. 97,—and do not find in them any principle contrary to this conclusion which we make rest almost entirely upon the language of the statute to which we have above called attention. The judgment of the special term should, in this respect, be modified, with costs to the appellant, the trustee of the school-district, payable out of the estate, and, as so modified, affirmed. All concur.