CHARLES B. SIDERS & others, trustees, *vs.* JOHN T. SIDERS & others.

Plymouth.    October 19, 1897. — November 23, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Will* — "*In Equal Shares by Right of Representation* " — *Per Stirpes.*

Where little aid was to be derived from other parts of the will, the court said that the words "in equal shares by right of representation" must be construed to mean in equal shares, taking the bequest *per stirpes.*

PETITION to the judge of probate of the county of Plymouth, by the trustees under the will of Charles Siders, praying the instructions of the court as to their duties thereunder. The case

was reserved, on appeal, by *Lathrop*, J., for the consideration of the full court. The facts appear in the opinion.

*A. Lincoln*, for the trustees, read the papers in the case.

*H. Wheeler*, for Charles B. Siders.

*A. Lord*, for the children of John Siders and their trustees.

ALLEN, J. The testator left three surviving brothers, one of whom had four children, another three, and the other two. He had no other near relatives. By his will he left an equal annuity to each of his three brothers, and legacies of $4,000 each to seven out of his nine nephews and nieces, and the income of $5,000 to each of two married nieces, with a provision that the principal should be paid to each on the death of her husband. The residue, from which the annuities would have to come, was given in trust, with this provision: " On the deaths of my brothers John, Henry, and Josiah B. Siders, convey, assign, and pay over all the residue of my said estate, real and personal, in equal shares by right of representation to my nephews Charles B., Henry F., George E., and John T. Siders, and my nieces Mrs. Sarah D. Blanchard, Mrs. Almena F. Perry, Mrs. Maria B. Orcutt, and Miss E. B. Siders, and Mrs. Isabella Marie." Of these, George E., John T., Almena F. Perry, and Maria B. Orcutt were children of the testator's brother John, and lived respectively in Hingham, Boston, Quincy, and Weymouth; Henry F., Sarah D. Blanchard, and Miss E. B. Siders were children of the testator's brother Henry, and two of them lived in Hingham, and one in Quincy; Charles B. and Isabella Marie were children of the testator's brother Josiah B., and lived respectively in Cambridge and Medford. The question presented for determination is whether the nephews and nieces take the residue *per stirpes* or *per capita*.

But for the words " by right of representation," there could be no doubt that each nephew and niece would be entitled to an equal share. But for the words " in equal shares," there could be no doubt that they would take *per stirpes*. The difficulty arises from the use of the two expressions in juxtaposition.

Not much aid is derived from a perusal of the other parts of the will. The testator's brothers fared equally. The particular bequests to his nephews and nieces have already been mentioned. His nephew Charles B. was appointed an executor.

Another of his nephews was indebted to him, and the will contains provisions having reference to this indebtedness. There is also an intimation of indebtedness from nieces' husbands, without mentioning names. It is found as a fact that the testator's relations with Charles B. and Isabella Marie, the children of his brother Josiah B., they living more remote from him and seeing him much less frequently, were less close and intimate than with his other nephews and nieces. Charles B., however, was the only nephew selected as an executor, and $5,000 was set apart as a direct bequest for the benefit of Isabella and her children, she being treated by this bequest precisely as Almena F. Perry, a daughter of John Siders, was treated by another bequest. It cannot be said that the other parts of the will show an intention to discriminate against Charles B. and Isabella. The fact of making particular provisions for the various nephews and nieces, which were alike except in the case of two nieces who were to have more than the rest, does not show an intention to divide the residue *per capita*. A testator may wish to make a particular provision for each nephew and niece, which shall be equal or nearly equal, and to divide the residue of his estate amongst them *per stirpes*. Such a disposition is as natural as any other.

We have a difficulty in giving any adequate meaning to the words " by right of representation," except upon the theory of a distribution *per stirpes*. These words, though technical, are not obscure, and most men of ordinary intelligence, who have occasion to dispose of their property by will, and who use the words, may be supposed to know their meaning. They are found in the statutes of the Commonwealth respecting the descent of real estate, and their meaning is defined. Pub. Sts. c. 125, §§ 1, 6. The natural inference is that persons know the meaning of the terms they use, unless there is something to show the contrary. On the whole, it seems to us that the words of the will fairly import an intention to distribute the residue *per stirpes*, and some support to this view is found in the authorities collected by counsel.* The suggested construction, that

---

* The counsel for Charles B. Siders cited in his brief on both points the following cases: *Talcott* v. *Talcott*, 39 Conn. 186. *Raymond* v. *Hillhouse*, 45

these words refer to the way in which children of any deceased nephew or niece should take, is not admissible, as the words are used to define the manner in which the nephews and nieces themselves shall take. The words "in equal shares by right of representation" mean in equal shares, they taking the bequest *per stirpes.*                    *So ordered.*

---

Conn. 467.  *White* v. *Holland*, 92 Ga. 216.  *Gibson* v. *Seymour*, 102 Ind. 485. *Allen* v. *Craft*, 109 Ind. 476.  *Henry* v. *Thomas*,.118 Ind. 23.  *Carter* v. *Lowell*, 76 Maine, 342.  *Dawes* v. *Swan*, 4 Mass. 208.  *Bowers* v. *Porter*, 4 Pick. 198, 211.  *Grout* v. *Hapgood*, 13 Pick. 159.  *Holbrook* v. *Harrington*, 16 Gray, 102.  *Balcom* v. *Haynes*, 14 Allen, 204.  *Stedman* v. *Priest*, 103 Mass. 293. *Metcalf* v. *Framingham Parish*, 128 Mass. 370, 374.  *Minot* v. *Taylor*, 129 Mass. 160.  *Towne* v. *Weston*, 132 Mass. 513.  *Hall* v. *Hall*, 140 Mass. 267. *Towle* v. *Delano*, 144 Mass. 95, 99.  *Cummings* v. *Cummings*, 146 Mass. 501. *Townsend* v. *Townsend*, 156 Mass. 454.  *Denfield, petitioner*, 156 Mass. 265. *Bigelow* v. *Clap*, 166 Mass. 88.  *Hale* v. *Hobson*, 167 Mass. 397.  *Wintermute* v. *Snyder*, 2 Green Ch. 489.  *Brown* v. *Lyon*, 2 Seld. 419.  *Corrigan* v. *Kiernan*, 1 Bradf. 208, 210.  *Rushmore* v. *Rushmore*, 12 N. Y. Supp. 776. *Minter's appeal*, 40 Penn. St. 111.  *Doebler's appeal*, 64 Penn. St. 9, 15. *Hoch's estate*, 154 Penn. St. 417.  *Ashburner's estate*, 159 Penn. St. 545. *Busby* v. *Busby*, 1 Dall. 226.  *Swinburne, petitioner*, 16 R. I. 208.  *Lott* v. *Thompson*, 36 S. C. 38.  *Thellusson* v. *Woodford*, 4 Ves. 227.  *Chambers* v. *Brailsford*, 19 Ves. 652.  *Davis* v. *Bennett*, 4 DeG., F. & J. 327.  *Brett* v. *Horton*, 4 Beav. 239.  *Ranelagh* v. *Ranelagh*, 12 Beav. 200.  *In re Coleman*, 4 Ch. D. 165.  *Leach* v. *Jay*, 6 Ch. D. 496.  *Hodgson* v. *Ambrose*, 1 Doug. 336.  *Doe* v. *Cooke*, 7 East, 269.  *Lane* v. *Stanhope*, 6 Durn. & E. 345, 352.