EDWARD C. BRADLEE, trustee, *vs.* HERBERT L. CONVERSE & others.

Suffolk.    March 7, 1945. — March 30, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Devise and Legacy,* Per stirpes.

A provision of a will directing distribution of a trust fund on the death of a life beneficiary "in equal shares by right of representation to and among those of my nephews and nieces who shall then be living, including by right of representation, the issue then living of any nephew or niece of mine then deceased," required distribution per stirpes, with equality among the stirpes.

The stirpes to be constituted for the purpose of determining how a trust fund established by a will should be distributed, at the death of a life beneficiary, "in equal shares by right of representation to and among those of my nephews and nieces who shall then be living, including by right of representation, the issue then living of any nephew or niece of mine then deceased," were a deceased brother and sister of the testatrix; and, where it appeared that at the time for distribution there were surviving a niece, daughter of the brother, and issue of others of his children, and no child of the sister, but issue of deceased children of hers, the fund was ordered divided into two equal parts, one half to be divided per stirpes among the issue of the brother of the testatrix and the other per stirpes among the issue of her sister.

PETITION, filed in the Probate Court for the county of Suffolk on November 29, 1943.

The case was heard by *Wilson, J.*

.J. A. *Greer,* stated the case.

H. S. *Davis,* for Herbert L. Converse and others.

L. A. *Ford,* (J. C. *Birmingham* with him,) for J. Brooks Gilbert and others.

LUMMUS, J. The trustee under the will of Esther S. B. Pettee, late of Boston, who died on May 26, 1900, at the age of eighty-four years, brings this petition for instructions as to the distribution of the trust estate. The will was drawn by an experienced attorney, and was executed on April 28, 1888. It was proved and allowed on June 21, 1900.

The trust fund consisted of the residue of the estate. The net income was to be paid to Amy E. Pettee, the adopted daughter of the testatrix, during her life, and on her decease the trustee was "to divide, pay over and convey one-half of said fund to and among those of the issue of said Amy who shall survive her, in equal shares by right of representation and the other half thereof or the whole if no issue of said Amy shall survive her, in equal shares by right of representation to and among those of my nephews and nieces who shall then be living, including by right of representation, the issue then living of any nephew or niece of mine then deceased."

Amy E. Pettee died without issue on August 23, 1943, and thereupon the trust estate became distributable to the living nephews and nieces of the testatrix and the issue of those deceased. Everyone concedes that the distributees are to be determined as of the date of the death of the life beneficiary.

When the testatrix died, her nearest relatives (apart from her adopted daughter) were a brother, Williams B. Brooks, who had six children; a sister, Hannah E. Converse, who had two children; and a nephew, F. Herbert Winsor, the son of a deceased sister Lydia Sophronia Winsor. When the life beneficiary died in 1943, F. Herbert Winsor had died without issue, and both Williams B. Brooks and Hannah E. Converse had died leaving issue. It is among the descendants of Williams B. Brooks and Hannah E. Converse that we must find the "nephews and nieces" and the "issue" of deceased nephews and nieces, who were to take upon the death of the life beneficiary on August 23, 1943. On that date in the Brooks family one daughter of Williams B. Brooks was still living, together

with the issue of four others of his children who had died. On the same date in the Converse family neither of the two children of Hannah E. Converse was living, but each left issue living on that date. The members of the Brooks family contend that they are entitled among them to five sevenths of the trust fund, on the theory that each of the seven nephews and nieces who were living on that date or who had died leaving issue living on that date constituted a stirps entitled to an equal share of the fund. The judge in the Probate Court so decided. The members of the Converse family appealed, contending that they, taken collectively, are entitled to half the fund.

In the ordinary use of language distribution by right of representation, or, as it is more technically called, per stirpes, is opposed to distribution in equal shares among persons, or per capita. Some way of reconciling these expressions must be discovered, or one of them must be rejected and given no effect. The latter course is never adopted except as a last resort. *Shattuck* v. *Balcom*, 170 Mass. 245, 251. *Sears* v. *Childs*, 309 Mass. 337, 346, 347. *Matter of Buechner*, 226 N. Y. 440. In this case we think it easy to reconcile them. In our opinion, the words "in equal shares by right of representation" mean per stirpes, with equality among the stirpes. *Balcom* v. *Haynes*, 14 Allen, 204, 205. *Hall* v. *Hall*, 140 Mass. 267, 271. *Siders* v. *Siders*, 169 Mass. 523, 526. *Coates* v. *Burton*, 191 Mass. 180, 182. *Thompson* v. *Thornton*, 197 Mass. 273, 276. *McClench* v. *Waldron*, 204 Mass. 554, 556, 558. *Boston Safe Deposit & Trust Co.* v. *Doolan*, 307 Mass. 233, 238. *Agricultural National Bank* v. *Miller*, 316 Mass. 288, 293. *Matter of Diefenbacher*, 165 Misc. (N. Y.) 86. *Robinson* v. *Shepherd*, 32 Beav. 665. *Gibson* v. *Fisher*, L. R. 5 Eq. 51. *In re Alexander*, [1919] 1 Ch. 371.

The remaining question is whether the living niece of the testatrix and those nephews and nieces who have died leaving issue living, or on the other hand her unmentioned deceased brother and sisters, constitute the stirpes for the purpose of determining the persons among whom the fund is to be divided. As Lord Simonds said in *Sidey* v. *Perpetual*

*Trustees Estate & Agency Co. of New Zealand, Ltd.* [1944] A. C. 194, 202, reversing the decision in [1942] N. Z. L. R. 251 sub nomine *Perpetual Trustees, Estate, & Agency Co. of New Zealand, Ltd.* v. *Sidey,* there is no reason in principle why in a gift per stirpes the stocks may not be found among the ancestors of the takers instead of among the takers themselves. All depends upon the intent as shown by the words of the will. In that case, the stirpes were found among the ancestors of the takers. Lord Simonds said (pages 202, 203) that where a gift is made to a number of persons of different stocks, per stirpes and not per capita, it is manifest that the stocks must be found in their ancestors. Such was the case in *Siders* v. *Siders,* 169 Mass. 523, and *Matter of Diefenbacher,* 165 Misc. (N. Y.) 86.

In the present case the distributees were of two generations, that of the nephews and nieces and that of their issue. The fund was to be divided "in equal shares by right of representation to and among those of my nephews and nieces who shall then be living, including by right of representation" the living issue of any deceased nephew or niece. Not only were such issue to take "by right of representation," but so were the living nephews and nieces themselves. The only way in which the latter could take by right of representation was by finding the stirpes in the earlier generation, the generation of the brother and sisters of the testatrix. But compare *Robinson* v. *Shepherd,* 4 De G. J. & S. 129; *In re Wilson,* 24 Ch. D. 664; *Re Dering,* 105 L. T. Rep. 404; *In re Alexander,* [1919] 1 Ch. 371. Accordingly, we think that the decree was wrong, and must be reversed. A decree is to be entered dividing the fund equally between the issue of Williams B. Brooks and the issue of Hannah E. Converse, such issue taking per stirpes. The costs and expenses that were allowed in the decree entered in the Probate Court, now reversed, are to be allowed in the final decree after rescript, as well as costs and expenses of this appeal, in the discretion of that court, out of the principal of the trust estate. See *Barker* v. *Monks,* 315 Mass. 620, 630.

*So ordered.*