In the Matter of the Estate of JOHN DIEFENBACHER, Deceased.

Surrogate's Court, New York County, November 5, 1937.

*Ernest P. Seelman,* for the petitioner Maude Wohlsen.

*Moses D. Jabloner,* for Max Frederichs, as executor, etc.

*David Geiger,* for the respondent Dorothy Funke, *neé* Frederichs.

*T. Raymond St. John,* special guardian for Miriam Frederichs, infant.

DELEHANTY, S. A construction is required of subdivision (b) of the following paragraph in testator's will:

" *Fourth.* All the rest, residue and remainder of my estate, both real and personal, wheresoever situated of which I may die seized or possessed, I hereby give, devise and bequeath as follows:

" (a) One-third (1/3) thereof to Charlotte DeFen, my sister-in-law, residing at 647–48th Street, Brooklyn, New York City;

" (b) The remaining two-thirds (2/3) are to be divided equally, share and share alike, *per stirpes,* among Dorothy Frederichs and Miriam Frederichs, children of .Max Frederichs of 70 Hampton Road, Scarsdale, New York, and Maude Wohlsen, my cousin, residing at 30 Marshal Road, Yonkers, New York, and/or the survivor or survivors of them.

" (c) Should Charlotte DeFen predecease me, then and in that event, her share is to be divided among those legatees enumerated in subdivision ' b ' herein, and in the same manner as therein set forth."

Maude Wohlsen is a first cousin while the two Frederichs are second cousins of the deceased. On behalf of the first cousin it is urged that one-half of the two-thirds of the residue comes to her, the other half belonging to the second cousins regarded collectively. The second cousins find in the language an intention that the three beneficiaries should receive identical amounts.

Solution of the problem turns on what testator intended. What he intended should be ascertained by looking to what he said. What he said in this case is found on careful examination to be wholly understandable. He said, " I give two-thirds of my residuary estate to be divided among Dorothy Frederichs and Miriam Frederichs and Maude Wohlsen and/or the survivor or survivors of them." That much, upon reading the paragraph is perfectly clear. If there were nothing more we would have presented a case requiring *per capita* division of the bequest with reciprocal rights of survivorship enjoyed by all the legatees. But the testator did not content himself with this simple direction. He undertook explicitly to define the way in which his gift was to be divided among the recipients. This he accomplished by specifying that his

gift was to these three " equally, share and share alike, *per stirpes.*"
It is at this point that the principal dispute arises.

The executor and the two second cousins are separately represented and, through counsel and special guardian respectively, they contend that these words mean that the three legatees take identical shares. They point to the words " equally " and " share and share alike " to establish this contention. They have difficulty with the words "*per stirpes.*" One of them says it is obvious that "*per stirpes* " was used· " in error;" another asks the court to strip away " the unnecessary verbiage such as ' *per stirpes;* ' " the third declares that " the words ' *per stirpes* ' as used here were used and intended to apply * * * in their usual meaning and sense, to the children of Maude Wohlsen or Miriam Frederichs or Dorothy Funke, should they die leaving such children then surviving." This latter consistently enough also declares in effect that the expression " and/or the survivor or survivors of them " does not mean what it says but refers rather to the distributees of the respective legatees. On this point he does not get complete support from his allies in the controversy.

These arguments of counsel are radically unsound. The court is asked either to eliminate the words "*per stirpes* " or else to attach to them a meaning which will in turn demand an interpretation of the survivorship clause which on its face is inadmissible. Of these alternatives the second is wholly out of the question, while the first is a method of desperation in construing a will and one which must be avoided in every situation, including the present case, where the text of the will affords an intelligible scheme of distribution ascertained by giving full value to all words used by the testator. (*Matter of Buechner*, 226 N. Y. 440, 443.)

The true meaning of this will becomes clear if sophistical arguments about language are excluded. The word " equally " and the expression " share and share alike " do not always signify respectively *numerical* equality and *absolute sameness* of shares. (*Matter of Lawrence*, 238 N. Y. 116.) A debtor who should on the same date pay two creditors $100 and $1,000, respectively, has treated them equally when he discharges both obligations according to the letter of his engagements. Several persons are treated alike or with equality when each gets what he deserves according to the operation of a single standard. This, indeed, is the fundamental conception of equality. (Cf. Century Dict.) Numerical equality is only one aspect of equality. Moreover, the words " *per stirpes* " are not used primarily to identify legatees. " *Per stirpes* " is literally " according to or by stocks," and describes a *mode* of dividing property or the *amounts* to be taken by the recipients of property. This fact escapes the respondents, although the case

on which they rely to show that the words "per stirpes" in the present will cannot refer to the manner in which the legatees are to take negatives the interpretation they seek to place on it. They quote from *Matter of Title Guarantee & Trust Co.* (159 App. Div. 803, 808; affd., 212 N. Y. 551), which says: "The words 'per stirpes' are not strictly applicable to named legatees, or legatees designated as a class, but are ordinarily, at least, appropriate, and are used with respect to substitutional gifts to substituted legatees in the case of the death of a primary legatee [citing cases]." (Italics supplied.) In their briefs respondents emphasize that portion of the quoted excerpt which speaks of an appropriate use of the words "per stirpes" in connection with substitutional gifts, but they ignore the italicized portion of the excerpt. Here the subject-matter of any substitution is taken care of by the final clause of subdivision (b) of the quoted paragraph of the will. The words "per stirpes," therefore, do not refer to substitutional gifts in *this* will. Either they are meaningless or they define the mode of dividing the property. In truth they here serve only to describe how the legatees are to take. They here denote the division of the gift among the *primary* legatees who are also the *only* legatees designed by testator to participate in his bounty.

Since the fundamental conception of equality of sharing is found in apportionment according to deserts (compare *Petry* v. *Petry*, 186 App. Div. 738, 746; affd., 227 N. Y. 621), and since "per stirpes" literally signifies a method of division and not a method of naming legatees, it becomes apparent at once that the testator here directed that two-thirds of his residuary estate should be divided according to the stocks of his beneficiaries and with perfect equality among the Frederichs on the one hand and Maude Wohlsen on the other. As "per stirpes" controls the division, so, too, it regulates the operation of the reciprocal survivorship provision. Had one of the Frederichs predeceased testator the other legatees surviving would have taken in numerical equality. Each then would represent a stock. Had both the Frederichs predeceased testator while Maude Wohlsen survived him she would have taken the whole sum against any descendants of either or both of the Frederichs. Had both of the Frederichs survived testator and had Maude Wohlsen predeceased him, then the latter's share would have fallen to the Frederichs as against any descendants Maude Wohlsen might have left her surviving So interpreted, this will is intelligible and covers all contingencies fairly. This result is reached by granting to every word of the testator its full, exact meaning.

Submit, on notice, decree construing the will in conformity herewith.