**REHM, Plaintiff-Appellee, v. CORE, et, Defendants. PAULLIN, et, Defendants-Appellants.**

Ohio Appeals, Second District, Clark County.

No. 470. Decided November 22, 1948.

536

McGrew & Laybourne, Springfield, for plaintiff-appellee.

Otis B. Core, Washington, C. H., for himself and others.

Bricker, Marburger, Evatt & Barton, Columbus, for Freda Blessing, defendant.

C. C. Crabbe, Garek & Sillman, Columbus, for defendants-appellants, Edgar Paullin, et al.

### OPINION

By MILLER, J.:

This is a law appeal from the Court of Common Pleas of Clark County, Ohio. The action was instituted by plaintiff, S. W. Rehm, as Executor of the Estate of Henry Otis Core, deceased, seeking the construction of the last will and testament of the testator.

The record discloses that Della Core, the surviving spouse and life tenant, died while the action was pending. The

testator was survived by twenty nieces and nephews, all of whom survived the life tenant. These nieces and nephews are the children of the five brothers and sisters of the testator who were not named or referred to in the will. One of these relatives had seven children and another had only one child, so the question presented is whether the distribution shall be per capita or per stirpes.

The sole controversy turns on the construction of Item IV of the will which provides:

"ITEM IV:—All the rest and residue of my personal property as herein defined, and all my real estate, I hereby give, devise and bequeath to my wife, Della Core, for and during the term of her natural life, and upon her death I give, devise and bequeath all the same to such of my nieces and nephews as may then be living, and the heirs of the body of any of said nieces and nephews as may then be deceased, if they die leaving heirs of the body. Division between such nieces and nephews shall be made per stirpes and not per capita. However, in case any of my said nieces and nephews should then be dead without having left heirs of the body, their share or shares shall go to those living, and to those who may have died leaving heirs of the body, per stirpes."

The trial court held that each niece and nephew shall take only his proportionate share of the one-fifth interest of the estate, which is per stirpes and not per capita distribution. The error assigned is that the judgment is contrary to law and not supported by the language of the will. A cardinal rule for the interpretation of a will is to ascertain and give effect to the intention of the testator which must be ascertained from the language used in the will. It must be gathered from the whole will, that is, from all of its provisions including codicils, if any, and considered in the light of every other provision as an entirety. 41 O. Jur. 600, Sec. 469. The intention is to be gathered from the words of the will itself as applied to the subject matter and read in the light of the surrounding circumstances. It is not necessarily that intention which existed in the mind of the testator, but that which is expressed by the language of the will giving effect to every word and clause if possible. Where the words of one part of the will are capable of a twofold construction that interpretation should be adopted which is most consistent with the intention of the testator as ascertained by other provisions of the will. The clear intention should prevail even though it might require some departure from the literal construction of one of its clauses. 28 R. C. L. Sec. 178.

The first sentence of Item IV clearly bequeathes an equal part to each niece and nephew which would constitute a "per capita" distribution. The second sentence, however, which provides "Division between such nieces and nephews shall be made per stirpes and not per capita" is claimed by the appellee to require a per stirpes distribution between the nieces and nephews. The words "per stirpes" mean by the root or stock. The essential characteristic ,of a distribution per stirpes is that he takes in a representative capacity and stands in the place of a deceased ancestor. **41 O. Jur. 708, Sec. 594; Rings v. Borton, 108 Oh St 280.** In providing that distribution shall be made between such nieces and nephews per stirpes and not per capita, the testator used technical terms which he intended to be given a technical meaning, the will indicating no different intent. Under such circumstances technical terms must be given their technical construction. Hickel v. Starcher, 90 W. Va. 369; Northern Trust Company v. Wheeler, 345 Ill. 182; Maddock v. Haines, 88 F. (2d) 350. In this sentence the testator expressly provided how distribution should be made to and among such of his nieces and nephews as may be living at the time of the death of Della Core, being the first group mentioned in the first sentence. He expressly stated, "Division between such nieces and nephews shall be made per stirpes and not per capita." The appellants urge that weight and consideration must be given to the fact that the testator referred to his then living nieces and nephews as such, instead of referring to them as his then living heirs of the body of his brothers and sisters. This language might have been more artful, but the result is the same. There can be no question but that the testator's nieces and nephews are the heirs of the body of the testator's brothers and sisters. It would appear that out of an abundance of precaution, after expressly providing that these living nieces and nephews should take per stirpes, to further emphasize his intent the testator further provided that they should not take per capita. Both expressions must be given effect.

In the third sentence the testator made provisions for two contingencies; first, that one or more of his nieces or nephews predeceasing Della Core without leaving heirs of the body; and the other, one or more of his nieces or nephews predeceasing Della Core leaving heirs of the body. This sentence provides only for a substitutional bequest and since all of the nieces and nephews survived Della Core, its interpretation is of no importance except to say that it is in no way contra to the second sentence.

Several cases have been cited by counsel for the appellant which we think are not in point as in all of them the will contained either contradictory statements or the intent of the testator was not clear and certain. We are of the opinion that the second sentence of Item IV is definite and certain and is not in conflict with any of the other provisions of the will. This sentence requires a distribution per stirpes.

The judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.