Hillsborough, }
July 1, 1952. }  No. 4133.

PEARL I. TATE, *Adm'x w.w.a. Estate of* NELLIE L. POTTER

*v.*

WILLIAM G. HOOPER & *a.*

*Warren, Wilson, Wiggin & Sundeen,* for the administrator, furnished no brief.

LAMPRON, J. Although questions affecting the distribution of this estate are involved, the matter was properly before the Superior Court. *Duncan* v. *Bigelow,* 96 N. H. 216, 218; *Roberts* v. *Tamworth,* 96 N. H. 223, 227. Here again what the testatrix intended by what she said in her will is the determining factor. *Colony* v. *Colony,* 97 N. H. 386.

The wording of the will "eveningly devided between my brother, and my Nieces and Nephews," instead of, for instance, "evenly divided among my brother, nieces and nephews," tends to indicate that she intended the residue to be divided into two equal parts. The use of the words "devided between" and the fact that her only living brother William Hooper resided with her leads us to conclude that she wanted this brother to have one half of the estate and her nieces and nephews the other half.

Her brother having predeceased her, his half of the residue goes by virtue of the provisions of R. L., c. 350, s. 12, to his sole heir-at-law, his son, William G. Hooper. *Stearns* v. *Matthews,* 94 N. H. 435, 438; *In re Rose Estate,* 95 N. H. 208; *Roberts* v. *Tamworth, supra,* 226.

As regards the other half it seems to us the testatrix intended by her will a gift to a class. *Campbell* v. *Clark,* 64 N. H. 328, 330; *Roberts* v. *Tamworth, supra.* Consequently that half is to be distributed *per capita* to her nephews and nieces living at her decease (including said William G. Hooper). *Campbell* v. *Clark, supra; Fowler* v. *Whelan,* 83 N. H. 453, 456; *Roberts* v. *Tamworth, supra,* 227.

*Case discharged.*

Duncan, J., dissented: the others concurred.

Duncan, J., *dissenting:* This decision in effect overrules the holding of *Podrasnik* v. *Trust Co.*, 92 N. H. 65, that original jurisdiction to decree distribution is by statute vested solely in the probate court. See also, *Rockwell* v. *Dow*, 85 N. H. 58; *Barrett* v. *Cady*, 78 N. H. 60, 64. Considerations apart from convenience are involved, which have gone unpresented in this case. Since I am not satisfied that the power of the Superior Court extends to the advice sought, I would hold that the issue should first be presented to the probate court for determination in the exercise of its original jurisdiction. R. L., c. 360, s. 7.