COLE ET AL. *v.* BAILEY
[No. 31, September Term, 1958.]

*Decided November 17, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Frederick J. Singley, Jr.,* with whom were *Joseph O'C. McCusker, Hinkley & Singley,* and *John W. Hessian, III,* on the brief, for appellants.

*William F. Mosner,* for appellee.

HAMMOND, J., delivered the opinion of the Court.

We are called upon to decide whether a testator intended his residuary estate to go to his nephews and nieces in equal shares or whether he intended, as the chancellor found, that one nephew, the only child of his sister, should take one-half, and the other seven, children of his brother, should take the other one-half in equal shares.

The will gives the rest and residue to a corporate trustee in trust to pay the income to the testator's wife for life and directs that at her death the principal and accumulated income "shall be divided equally between my nephews and nieces, children of my brother, Emory Cole, and of my sister, Bertie Cole Bailey, who may be living at the time of the death of my wife, Edith Bosley Cole, share and share alike per

representation." The wife renounced the will and took her statutory share. The parties agree that her renunciation terminated the trust and accelerated the distribution. The seven children of the brother, in arguing for a per capita division so that each would receive a one-eighth share of the estate, say that the will makes a gift to a class who take per capita, unless the contrary intention appears. They argue further that the direction of the will that the fund is to be divided "equally" between the nephews and nieces "share and share alike" buttresses the general rule, and negates a contrary intent, and that the phrase "per representation", whether it is construed to mean "by representation" or "per stirpes" should be given no effect because of its uncertain meaning, or disregarded as mere surplusage.

Primary and paramount is the intent of the testator, to be garnered from the meaning of words he used throughout the will, as well as in the disputed clause, according to their plain import. *Marty v. First National Bank of Baltimore,* 209 Md. 210, 216. We think the intention of the testator here, found from the words he used, was that his nephews and nieces were to take by families and not as individuals, that is, that his sister's son was to take one-half of the residue and his brother's children the other half. The general rule is as appellants say, that a gift to a class calls for a distribution per capita. *Lycett v. Thomas,* 153 Md. 443, 446 (quoted with approval in *Robinson v. Mercantile-Safe Deposit & Trust Co.,* 214 Md. 30, 34); Restatement, *Property,* Sec. 301. Yet, as this Court pointed out in *Slingluff v. Johns,* 87 Md. 273, 283, in adopting the language of Jarman on *Wills:* "* * * this mode of construction will yield to a very faint glimpse of a different intention in the context * * *." Restatement, *Property,* Sec. 301, comments *i* and *j,* Sec. 300, comment *f,* agrees.

We find more than a faint glimpse of an intention that the distribution should not be per capita in the will before us. In a preliminary clause, the testator gave "unto my nephews and my nieces living at the time of my decease, being the children of my brother, Emory Cole, and of my sister, Bertie Cole Bailey, the sum of one thousand dollars ($1,000.00)

each." Clearly, these were intended to be, and were, be-
quests to individuals in their own respective rights. The
language of the residuary clause is so directly contrary as to
indicate a contrary intent. There, the distribution is to be
"between" the nephews and nieces "per representation". We
cannot agree with appellants that the phrase "per representa-
tion" should be treated as meaningless or as surplusage. It
can be given an accepted and sensible meaning by finding it to
direct that the nephews and nieces were not to take as individ-
uals (that is, not in their own rights), but as representatives
of their mother and father, respectively, that is, as families.
It is a familiar and sound rule that words in a will are never
to be rejected as meaningless or repugnant if by any reason-
able construction they may be given effect and made consist-
ent and significant. "Excision is a 'desperate remedy'." *In
re Hickey's Estate,* 73 N. Y. S. 2d 508, 516.

In the case of *In re Diefenbacher's Estate,* 300 N. Y. Supp.
370, the language of the will was quite similar to that of the
will before us. There it was argued, as it is here, that be-
cause the distribution was directed to be "share and share
alike" to named first takers each was to take an identical
share, and that the words "per stirpes" were used in error
or should be regarded as surplusage. Surrogate Delehanty
said: "The true meaning of this will becomes clear if so-
phistical arguments about language are excluded * * *",
and found that the words "per stirpes" were not meaningless
because they are not strictly applicable to named legatees or
to legatees designated as a class (and, so, are ordinarily ap-
propriate only with respect to substitutional gifts), and went
on to say: "The words 'per stirpes' therefore do not refer
to substitutional gifts in *this* will. Either they are meaning-
less or they define the mode of dividing the property. In
truth, they here serve only to describe how the legatees are
to take. They here denote the division of the gift among the
*primary* legatees who are also the *only* legatees designed by
testator to participate in his bounty * * * This result is
reached by granting to every word of the testator its full exact
meaning."

Appellants' contention that if the words "per representa-

tion" were used as a synonym for "per stirpes", they can have no effect because the nephews and nieces were the first takers and could not take in substitution for an ancestor, is not convincing. *Patchell v. Groom,* 185 Md. 10, said that in stirpital distributions the stocks were to be found among the first takers and not among ancestors or other individuals who took no absolute estate, even though designated by name. In *Ballenger v. McMillan,* 205 Md. 94, this Court rejected this statement in following *Sidey v. Perpetual Trustees Estate & Agency Co. of New Zealand,* 2 All E. R. 225 (1944) AC 194, decided by the Privy Council, which was not available when *Patchell v. Groom* was decided. In the *Sidey* case, Lord Simonds said that no reason appeared to their Lordships on principle ·"* * * why, in the construction of a gift per stirpes the stocks should be found among the takers and not among their ancestors." Only the nephews and nieces of Mr. Cole alive at the time of distribution could take under his will. The words "per representation" therefore could not conceivably apply to any one below the inheritance line of nephew or niece. If they are to have meaning, as we have found that they are, they must make the brother and the sister of the testator the equivalent of the stirps and indicate that the nephews and nieces took as their representatives. As between themselves, each family group was to take in equal shares.

In the case of *In re Corr's Estate* (Pa.), 12 A. 2d 76, the Supreme Court of Pennsylvania rejected the argument that simply because children were the first takers of the gift over, and could not take by representation, a stirpital distribution was excluded, and said: "The expression 'per stirpes' may be used in two different senses; it may refer, first, to a 'taking by right of representation', and second, to a taking 'collectively by families and not equally as individuals' * * *." We think that the testator in the case before us used the words in the second sense.

The appellants suggest that the effect of *Ballenger v. McMillan,* 205 Md. 94, does not extend beyond cases where the distribution is in favor of testator's own descendants. The cases do not impose this limitation. See *Robinson v. Mercantile-Safe Deposit & Trust Co.,* 214 Md. 30, 37; *Alder v. Beall,*

11 Gill & J. 123. In other states there are many cases in which either the words "per stirpes" or the words "by representation", even when used in juxtaposition with the words "equally" or "share and share alike", have been held to call for distribution by families with equality among the takers of each family, rather than a per capita distribution, whether or not the takers were descendants of the testator or of others.[1]

Added to other indications of intent found in the will, the use of the word "between" tilts the scales slightly further in favor of a finding that the testator meant a stirpital distribution. The true meaning and primary indication of the word is a division into two parts. This Court, in *Courtenay v. Courtenay,* 138 Md. 204, as it had in other cases, found that "between" had been there used as the equivalent of "among" and could not be given its accurate and primary meaning "consistently with the intent" expressed by the provisions of the will "as a whole". In the case before us, we think its primary meaning is fully consistent with the other indications

1. *Siders v. Siders* (Mass.), 48 N. E. 277; *Bradlee v. Converse* (Mass.), 60 N. E. 2d 345; *MacGregor v. Roux* (Ga.), 32 S. E. 2d 289; *O'Reilly v. Jackson* (Mo.), 269 S. W. 2d 631; *Lockwood's Appeal* (Conn.), 10 A. 517; *In re Healy's Estate* (Cal.), 168 P. 124; *Rehm v. Core* (Ohio), 82 N. E. 2d 864; *In re Marshall's Estate* (Pa.), 103 A. 2d 420; *In re Corr's Estate* (Pa.), 12 A. 2d 76; *In re Diefenbacher's Estate,* 300 N. Y. Supp. 370; *In re Hickey's Estate,* 73 N. Y. S. 2d 508; see cases collected in 13 A. L. R. 2d 1023 at 1076, *et seq.* In *Siders v. Siders,* the residue was left to nephews and nieces by right of representation. The Supreme Judicial Court of Massachusetts said: "But for the words 'by right of representation,' there could be no doubt that each nephew and niece would be entitled to an equal share. But for the words 'in equal shares,' there could be no doubt that they would take per stirpes. The difficulty arises from the use of the two expressions in juxtaposition. Not much aid is derived from a perusal of the other parts of the will. . . . We have a difficulty in giving any adequate meaning to the words 'by right of representation,' except upon the theory of a distribution per stirpes. These words, though technical, are not obscure; and most men of ordinary intelligence, who have occasion to dispose of their property by will, and who use the words, may be supposed to know their meaning."

of intent and that its use by the testator should be weighed as an indicator of what he had in mind. *Alder v. Beall,* 11 Gill & J. 123, Restatement, *Property,* Sec. 301, comment *j; Tate v. Hooper* (N. H.), 89 A. 2d 915.

The chancellor correctly construed the will, and the decree appealed from will be affirmed.

*Decree affirmed, with costs.*