CHESTER F. DEW, UNMARRIED; CHARLES B. DEW ET UX, ESTELLE G. DEW; BARBARA ANN D. SHOCKLEY ET VIR, ROBERT H. SHOCKLEY; JOHN BROOK DEW ET UX, BEATRICE THAYER DEW; JANET MARIE D. DONNELLY ET VIR, EDWIN REGAN DONNELLY; GRACE DEW EDWARDS, ET VIR, REDGER L. EDWARDS; R. L. EDWARDS, JR., UNMARRIED; DORIS DEW MATTHEWS ET VIR, RUSSELL THOMAS MATTHEWS; ERMINEE J. DEW WADE, WIDOW; J. ELAINE POTERE ET VIR, WILLIAM N. POTERE, JR.; WILLA BELLE DEW WILLIS ET VIR, CHESTER WILLIS; DIANA GAIL W. WELCHER ET VIR, RONALD A. WELCHER; PATRICIA JEAN W. LYONS ET VIR, PATRICK LYONS v. TAMARA MARIE SHOCKLEY; BRIAN HARRISON SHOCKLEY; JUSTIN BROOKS DEW; TIMOTHY BRIAN MATTHEWS; MICHAEL TODD MATTHEWS; GRETCHEN KAY POTERE; WILLIAM NICHOLAS POTERE, ALL MINORS; THE UNBORN CHILDREN OF CHESTER F. DEW; CHARLES B. DEW; GRACE DEW EDWARDS; ERMINEE J. DEW WADE; AND WILLA BELLE DEW WILLIS; AND THE UNBORN CHILDREN OF BARBARA ANN D. SHOCKLEY; JOHN BROOKS DEW; JANET MARIE D. DONNELLY; R. J. EDWARDS, JR.; DORIS D. MATTHEWS; J. ELAINE POTERE; DIANE GAIL WELCHER; AND PATRICIA JEAN LYONS

No. 777SC320

(Filed 18 April 1978)

1. **Wills § 34— life estate to class—presumption of joint tenancy with survivorship**

   Under North Carolina law, joint tenancies with survivorship are presumed when a life estate is deeded or bequeathed and a tenancy in common is not expressly created.

2. **Wills § 44— per capita or per stirpes distribution**

   *Per capita* distribution is, generally, favored over *per stirpes* and will be presumed the distributive plan absent explicit *per stirpes* direction or intent.

3. **Wills § 44— creation of joint life estate with survivorship—per capita remainder—per stirpes representation**

   A devise to testatrix' "two brothers and three sisters, to have and to hold the same for and during the term of their natural lives with remainder in fee to their children, in equal shares, the children of any deceased child to take the share the parent, if living, would take" *is held* to give a joint life estate with survivorship to the brothers and sisters of the testatrix and a remainder in fee to the children of the brothers and sisters *per capita*, with the children of any deceased child taking *per stirpes* what its parent would have taken *per capita* had the parent survived.

APPEAL by all guardians ad litem representing *per capita* positions, from *Martin (Perry), Judge.* Judgment entered 8 March 1977, in Superior Court, NASH County. Heard in the Court of Appeals 7 February 1978.

This is an action under the Declaratory Judgment Act for the interpretation of the will of Gladys D. Saunders, whose husband predeceased her. The rights of the parties under the will are to be determined by construction of the following will provision:

"ITEM THREE: In the event my husband, M. H. Saunders, shall predecease me, then, and in that event, I give, bequeath and devise all my property of every kind and character and wherever situate, both real and personal, subject to the provisions of Item One, to my two brothers and three sisters, to have and to hold the same for and during the term of their natural lives with remainder in fee to their children, in equal shares, the children of any deceased child to take the share the parent, if living, would take."

After hearing, the court entered judgment, finding from uncontradicted evidence that testatrix was survived by all two brothers and three sisters, that brother Charles Dew died prior to trial, leaving children and grandchildren, that brother Chester Dew is unmarried and without children, that sisters Grace Dew Edwards and Erminee J. Dew Wade have children and grandchildren, and that sister Willa Belle Dew Willis has two children. The court concluded that the living brothers and sisters take the property as life tenants in common, and that the children of the brothers and sisters living at the time of testatrix's death take a vested remainder in their parent's share and take *per stirpes* upon the death of that parent. All guardians ad litem representing joint tenancy with survivorship and *per capita* positions appealed.

*Fields, Cooper & Henderson by Leon Henderson, Jr. for appellants.*

*Battle, Winslow, Scott & Wiley by Samuel S. Woodley for appellees.*

CLARK, Judge.

Appellants press the *per capita* position, under which the brothers and sisters of the testatrix would hold a life estate in joint tenancy with survivorship; no child would take any immediate interest in the property until all the brothers and sisters had died. The roll would then be called and the children of the

brothers and sisters would take *per capita*. Appellees press the *per stirpes* position, under which the brothers and sisters would hold a life estate as tenants in common; at the death of each brother or sister, his or her children would take his or her share *per stirpes*.

[1]  It is clear that, under North Carolina law, joint tenancies with survivorship are presumed when a life estate is deeded or bequeathed and a tenancy in common is not expressly created. *Burton v. Cahill*, 192 N.C. 505, 135 S.E. 332 (1926). G.S. 41-2, which abolished the right of survivorship in joint tenancies in estates of inheritance, does not apply to a joint tenancy in a life estate where no estate of inheritance is involved. *Powell v. Allen*, 75 N.C. 450 (1876); *Burton, supra*. Professor Link, in his illuminating article on the Rule in Wild's Case in North Carolina, suggests that a concurrent joint tenancy for life *might* be seen as a series of life estates *pur autre vie*, measured by the life of the last co-tenant to die. Life estates *pur autre vie* are estates of inheritance, and G.S. 41-2 abolishes survivorship. 55 N.C.L. Rev. 751, 787-791. But such construction is clearly contrary to the case law as it now stands. 55 N.C.L. Rev. 751, 790. Concurrent life estates still stand untouched by G.S. 41-2, and the old feudal presumption in favor of joint tenancies with survivorship remains.

[2]  It is also clear that *per capita* distribution is, generally, favored over *per stirpes*, and will be presumed the distributive plan, absent explicit *per stirpes* direction or intent, although it is less clear exactly what constitutes such direction or intent. *In Re Battle*, 227 N.C. 672, 44 S.E. 2d 212 (1947); 80 Am. Jur. 2d, Wills, § 1449, p. 520. These two presumptions create a pattern of late distribution. No remainderman can take any present interest until the death of the last life tenant, when the roll is called. Such pattern is clearly antithetical to the modern policy of free alienation of land. 61 Am. Jur. 2d, Perpetuities and Restraints on Alienation, §§ 93, et seq. But the pattern of presumptions is rebuttable and the intent of the testator, as revealed by the clear language of the will, is, of course, the ultimate determinant.

[3]  In the case *sub judice*, there is no explicit indication as to what sort of life estate the brothers and sisters are to take. The language reads "to my two brothers and three sisters, to have and to hold the same for and during the term of their natural

lives . . . ." There is no ambiguity in this language as would permit us to bring in extrinsics such as the nature of the property involved. *See* 80 Am. Jur. 2d, Wills, § 1282, p. 390. The presumption in favor of joint tenancy with survivorship is unrebutted by any language in the bequest of the life estate.

It is generally the rule that a tenancy in common is the first part of a testamentary plan that is completed by the remaindermen taking *per stirpes*, that a joint tenancy is completed, by the remaindermen taking *per capita*. Annot., Taking Per Stirpes or Per Capita, 13 A.L.R. 2d 1023, § 55, pp. 1062, *et seq.*; 80 Am. Jur. 2d, Wills, § 1472, p. 541. Therefore, the distributive pattern may determine the type of life estate when, as in the case *sub judice*, there is no clear intent expressed in the specific bequest of the life estate. The presumption in form of joint tenancy could thus be rebutted by a clear pattern of *per stirpes* distribution. The testatrix gives "remainder in fee to their [the brothers' and sisters'] children, *in equal shares, the children of any deceased child to take the share the parent, if living, would take.*" [Emphasis added.] Her intent was clearly expressed by this language. She gave the remainder to the children of the brothers and sisters *per capita*, with the roll called at the death of the last life tenant. Therefore, the life estate is a joint tenancy with survivorship. The direction that the children of the brothers and sisters are to take "in equal shares" is clearly a *per capita* direction. Such language is not *determinative* of *per capita* intent. 13 A.L.R. 2d 1023, § 10, pp. 1035 *et seq.* It may be rebutted by clear *per stirpes* language. There is *per stirpes* language present in the will *sub judice*, but it does not contradict the *per capita* language of the bequest to the children. Rather, it speaks to grandchildren, to "the children of any deceased child," and gives them their dead parent's share. Were the distribution purely *per capita*, with the roll called at the falling in of the life estate, children of brothers and sisters, alive at testatrix's death, or born during the life estate, but dead by the falling in of the life estate, would not be in the class of takers, and their children would take nothing. The *per stirpes* direction preserves the grandchildren's share. It should be noted that, had the testatrix intended on overall *per stirpes* distribution, no such separate device would have been necessary. The testatrix clearly intended *per capita* distribution following a joint tenancy with survivorship, and used a *per*

*stirpes* device to save shares for children of deceased children of brothers and sisters. The intent of the testatrix clearly supports the presumptions in favor of joint tenancy and *per capita* distribution. *See Trust Co. v. Bryant*, 258 N.C. 482, 128 S.E. 2d 758 (1963), where Justice (now Chief Justice) Sharp creates a hypothetical distributive pattern, almost identical to the one in the case *sub judice* which she considers clearly a *per capita* pattern with a *per stirpes* device:

> ". . . It would have saved litigation had he [the testator] written 'to my nephews and nieces share and share alike (*per capita*), the child or children of any deceased nephew or niece to receive his share (*per stirpes*)'; . . ." 258 N.C. at 486, 128 S.E. 2d at 762.

The life estate in *Bryant* was held to be a joint tenancy.

The parties involved are also concerned with the classification of the remainder held by the unborn children of the brothers and sisters, specifically those of testatrix's brother Chester, who alone of the brothers and sisters, had no children born at testatrix's death. The rule favoring early vesting grants to all children born at testatrix's death a vested remainder subject to open. *See Trust Co. v. Taylor*, 255 N.C. 122, 120 S.E. 2d 588 (1961). Their remainder was *not* subject to *complete* defeasance, should they fail to survive the falling in of the life estate, because of the *per stirpes* device discussed above. Their remainder remains open and subject to *partial*, quantitative defeasance, upon the birth of more children, until the falling in of the life estate. All surviving children will take the fee simple absolute *per capita*, the children of deceased children taking *per stirpes* what their parents would have taken *per capita* had they survived. Clearly, unborn *and* unadopted children have a contingent remainder, which will become vested subject to open upon their birth or adoption. This contingent remainder is destroyed if the unborn or unadopted is not born or adopted upon the falling in of the life estate. The contingent remainder of the unborn or unadopted children of Chester will be destroyed if no children are born to or adopted by Chester before he dies.

Because the testatrix left a joint estate with survivorship to her brothers and sisters, with the remainder in fee to the children of the brothers and sisters *per capita*, the children of any de-

ceased child taking *per stirpes* what its parent would have taken *per capita,* had the parent survived, the trial court's judgment is

Reversed.

Judges MORRIS and MITCHELL concur.