WACHOVIA BANK & TRUST COMPANY, TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF GEORGE G. JOHNSON v. CHARLES H. LIVENGOOD, JR., NORMAN B. LIVENGOOD, D. JOHNSON LIVENGOOD, BETTY J. CRISP, J. ERIC JOHNSON, JR. AND BETTY BUGG CROUCH

No. 8114SC161

(Filed 6 October 1981)

**Wills § 44— trust corpus—per capita or per stirpes distribution**
    Where testator's will provided that the net income of a trust should be paid in equal shares to his two sisters and his sister-in-law, or the survivors of them, and that at the death of the last survivor, the trust should terminate and be paid over "in equal shares" to his nieces and nephews "per stirpes," the will required a per stirpes rather than a per capita distribution of the trust principal and accrued income to testator's nieces and nephews.

APPEAL by defendants Livengood from *Brewer, Judge.* Order entered 12 December 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 18 September 1981.

This case comes on appeal from an order granting summary judgment in favor of defendant Betty Bugg Crouch and denying summary judgment to defendants Charles Livengood, Jr., Norman B. Livengood, and D. Johnson Livengood. All defendants are nephews and nieces of George G. Johnson whose last will and testament is the subject of the present controversy.

The plaintiff, Wachovia Bank & Trust Company, N.A., Trustee under a testamentary trust created under George Johnson's will, brought an action for declaratory judgment, requesting construction of a provision of the trust respecting disposition at its termination.

*Powe, Porter & Alphin, by E. K. Powe and Eugene F. Dauchert, Jr., for defendant appellants.*

*Marshall, Williams, Gorham & Brawley, by Daniel Lee Brawley and A. Dumay Gorham, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

Item Fourth of the last will and testament of George G. Johnson provides:

> All of my other property, real, personal, and mixed, wherever the same may be situated, I give, devise and bequeath unto the Wachovia Bank and Trust Company, Durham, N.C., as Trustee, to be held, managed, and invested, reinvested, used and disposed of as follows:

> (1) The Trustee shall pay over the net income in equal shares to my sister [*sic*], Mary Johnson Livengood, Helen Johnson Bugg, and my sister-in-law Helen Noell Johnson, or the survivors of them.

> (2) Upon the death of the last survivors of my sisters, Mary Johnson Livengood, and Helen Johnson Bugg, and my sister-in-law Helen Noell Johnson, this trust shall terminate and be paid over in equal shares to my nieces and Nephews per Stripes [*sic*].

The life tenants are now deceased. Mary Johnson Livengood left surviving her the defendants Charles H. Livengood, Jr., Norman B. Livengood, and D. Johnson Livengood, nephews of the testator. Betty Bugg Crouch is the daughter of Helen Johnson Bugg and is a niece of the testator. Helen Noell Johnson left surviving her a son and a daughter.

It is appellants' contention that paragraph 2 of Item Fourth of the will should be construed to require a per capita distribution of principal and accrued income from the trust. Each of the remaindermen, the class of nephews and nieces, would receive a one-sixth share of the trust estate under this construction. Appellee, Betty Bugg Crouch, argues for a per stirpes distribution, entitling her to a one-third share. Under this construction, appellants would be entitled to a one-ninth share each. Under either construction Helen Noell Johnson's two children would each receive a one-sixth share.

The parties have argued ably and vigorously, citing numerous North Carolina cases to support their respective positions. We begin with the proposition that if persons designated in a will stand in equal degrees of relationship to the testator, and the devise or bequest enures to the benefit of all of them, a division per capita is indicated, prima facie. *Roberts v. Bank,* 271 N.C. 292, 156 S.E. 2d 229 (1967); *Trust Co. v. Bryant,* 258 N.C. 482, 128 S.E. 2d 758 (1963); *Tillman v. O'Briant,* 220 N.C. 714, 18 S.E. 2d 131 (1942); *Burton v. Cahill,* 192 N.C. 505, 135 S.E. 332 (1926); *Dew v. Shockley,* 36 N.C. App. 87, 243 S.E. 2d 177, *cert. denied,* 295 N.C. 465 (1978); Restatement (Second) of Property § 300 (1940). This presumption is based on the theory that equality is intended unless language or circumstances indicate a contrary intent. Supporting a per capita construction in the present case are (1) that the trust assets are to be distributed to a class of nephews and nieces identically related to the testator, and (2) that the assets are "to be paid over in equal shares." It appears, however, that the testator has manifested a contrary intent, rebutting the per capita presumption by the addition of "per stirpes" language.

Appellants urge us to consider and adopt the reasoning in a line of cases which hold that the per stirpes language merely regulates the distribution of the gift, substituting on a representative basis children of a nephew or niece who died prior to distribution. *Roberts, supra; Trust Co. v. Bryant, supra; Walsh v. Friedman,* 219 N.C. 151, 13 S.E. 2d 250 (1941); *Dew, supra.* Where the courts have adopted this reasoning, however, there has been language in the will to suggest that the testator intended to preserve the first taker's share by providing for substituted gifts.[1] We are thus left with no North Carolina case which speaks

---

1. In *Trust Co. v. Bryant,* the will provided for a life estate in trust income to testator's wife and at her death "to convey and transfer the entire principal sum . . . to my nephews and nieces, *the child or children of any deceased nephew and niece to receive the share the parent would have taken, the said distribution to be per stirpes and not per capita.*" 258 N.C. at 483, 128 S.E. 2d at 760 (emphasis added).

In *Dew v. Shockley,* testator devised "all my property of every kind . . . to my two brothers and three sisters, to have and to hold the same for and during the term of their natural lives with remainder in fee to their children, in equal shares, *the children of any deceased child to take the share the parent, if living, would take.*" 36 N.C. App. at 88, 243 S.E. 2d at 179 (emphasis added).

directly to the perplexing ambiguity raised in paragraph 2, Item Fourth, of George G. Johnson's last will.

We find most persuasive the opinion in *Cole v. Bailey*, 218 Md. 177, 146 A.2d 14 (1958), which was decided on strikingly similar facts. The testator in *Cole* established a trust, income from which was to be paid to the testator's wife for life and at her death the principal and accumulated income was to be divided equally between his nephews and nieces living at the death of the wife, "share and share alike per representation." The court first concluded that the phrase "per representation" was not meaningless; nor could it be treated as surplusage. Within the clear meaning of the term was a direction that the nephews and nieces were to take not as individuals but as representatives of their parents, that is, on a "per stirpes" basis.

As in the present case, the will in *Cole* was silent with respect to providing for substitutional gifts. This is an important fact which distinguishes these two cases from those North Carolina cases upon which appellants would have us rely. Determining first that the "per stirpes" or "per representation" language was *not* applicable to substitutional gifts, the *Cole* court found that the language could only "denote the division of the gift among the primary legatees who are also the *only* legatees designed by testator to participate in his bounty." *Id.* at 181, 146 A.2d at 16. Thus a "per stirpes" construction was indicated.

The Maryland court next answered appellants' contention that the *Cole* nephews and nieces were the first takers and therefore they could not take in substitution from an ancestor. Noting that because only the nephews and nieces alive at the time of distribution could take under his will, and "the words 'per representation' therefore could not conceivably apply to anyone below the inheritance line of nephew and niece," the court found no reason why "in the construction of a gift per stirpes the stocks should be found among takers and not among their ancestors." *Id.* at 182, 146 A.2d at 16.

We find the per stirpes construction even more compelling in the present case in that testator's sisters and his sister-in-law, parents of the class of nephews and nieces, did receive a life interest in the income of the trust. "[I]f the members of the class are of two or more families and the parent of each of these

families is given a prior life interest in an equal share in the subject matter of the class gift, this fact tends to establish that those class members who are the children of one life tenant are to take only that share in which the parent life tenant had his interest." Restatement (Second) of Property § 301, comment j at 1649-50 (1941).

Finally, we quote from *Siders v. Siders*, 169 Mass. 523, 524-25, 48 N.E. 277, 277 (1897), a case cited in *Cole:*

> But for the words "by right of representation," there could be no doubt that each nephew and niece would be entitled to an equal share. But for the words "in equal shares," there could be no doubt that they would take per stirpes. The difficulty arises from the use of the two expressions in juxtaposition. Not much aid is derived from a perusal of the other parts of the will. . . . We have a difficulty in giving any adequate meaning to the words "by right of representation," except upon the theory of a distribution per stirpes. These words, though technical, are not obscure; and most men of ordinary intelligence, who have occasion to dispose of their property by will, and who use the words, may be supposed to know their meaning.

Based on the foregoing, we affirm the decision of the trial court which held that the trust assets were to be distributed to testator's nephews and nieces on a per stirpes basis.

Affirmed.

Judges MARTIN (Robert M.) and BECTON. concur.