(No. 30906.—

Ada M. Mitchell, *et al.*, Appellants, *vs.* Ralph W. Snyder *et al.*, Appellees.

*Opinion filed January 19, 1949.*

WILMER L. VOGT, and RUSSELL H. CLASSEN, both of Belleville, for appellants.

POPE & DRIEMEYER, of East St. Louis, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court: .

Plaintiffs filed an original and an amended complaint in the circuit court of St. Clair County, praying for the construction of the second clause of the last will and testament of Ada Metzler, deceased, asking for a division and partition of the real estate, and, in case this could not be made without manifest prejudice, that the premises be sold and the proceeds divided. It was alleged the second clause of the will was so ambiguous and uncertain as to require judicial construction. The defendants filed a motion to dismiss both the original and amended complaints, which were in all respects substantially similar, for the reason that the will was not ambiguous or uncertain, since on its face the property was devised in fee simple and absolutely to testatrix's husband, Theodore Metzler. Defendants' motions were allowed and plaintiffs' original and amended complaints were dismissed, respectively, on April 5 and June 7,

1948, for the reason, as the court determined, the provisions of the will were neither uncertain nor ambiguous. A decree was then entered decreeing that the defendants' motion to dismiss plaintiffs' original and amended complaints be allowed and that plaintiffs take nothing by their suit.

The principal question presented is whether the provisions of the controverted second clause of the will are ambiguous, necessitating construction by the court below, and it is urged that the trial court committed error in holding that the provisions of the will are unambiguous and that no construction is required.

The will under consideration here consists of two clauses, the first of which directs the payment of debts and funeral expenses. The second, which is in controversy, is as follows: "All the rest, residue and remainder of my estate, both real and personal, or of whatsoever kind or nature, I hereby give, devise and bequeath in fee simple and absolutely to my husband Theodore Metzler, in case of my husband's death, I want it to go to the survivor, or survivors of them who may be living at such time Louis P. Snyder, Nancy C. Holcomb and Laura S. Snyder, shall take said estate in fee simple and absolutely."

On the question as to whether or not there is an ambiguity in the will, so as to require the court to construe it, plaintiffs cite the case of *Knisely* v. *Simpson*, 397 Ill. 605, which announces the well-settled rule that, "Where a testator, by his will, employs language sufficient to pass title in fee, if it be clearly shown by other clauses or parts of the will that he intended to reduce, qualify or cut down the fee granted, such intention will prevail." Plaintiffs also cite *Scott* v. *Crumbaugh*, 383 Ill. 144, wherein it was said the intention of a testator must be ascertained from a consideration of the whole will and such construction adopted as will uphold all provisions and give effect to all language used, all repugnancies being reconciled, if possible, without adopting an unreasonable or absurd construction.

That case also said, "* * * if possible, a will must be construed as giving an estate of inheritance to the first devisee unless other limiting or qualifying language used shows clearly and unequivocally that it was the intention of the testator to limit or qualify the estate granted." It will be observed, however, that the court in that case specifically pointed out that this rule must yield to the intention as expressed by the language of the will.

We find here that the first part of the second clause of the will reads, "All the rest, residue and remainder of my estate, both real and personal, or of whatsoever kind or nature, I hereby give, devise and bequeath in fee simple and absolutely to my husband, Theodore Metzler." This language unquestionably constitutes a devise to Theodore Metzler in fee. The latter part of the second clause, with the exception of the words, "in case of my husband's death," reads, "I want it to go to the survivor, or survivors of them who may be living at such time Louis P. Snyder, Nancy C. Holcomb and Laura S. Snyder, shall take said estate in fee simple and absolutely."

These two parts of the second clause refer to the same property and the two expressions of gift are inconsistent and repugnant, when standing alone; the latter qualifying the estate devised by the former. However, the phrase, "in case of my husband's death," joining the first and second part must be carefully examined in order to determine the extent to which the first devise is modified by the latter.

It is specifically urged by the plaintiffs that the intention expressed by the connecting phrase, together with the latter words of gift, is to reduce the devise to Theodore Metzler to a life estate and to vest in Louis P. Snyder, Nancy C. Holcomb and Laura S. Snyder cross remainders in fee, which become vested in Laura S. Snyder by virtue of her surviving the death of the other two. To reach that result, plaintiffs contend the words, "in case of my husband's death," express an intention that the latter words of gift

are to take effect upon the death of Theodore Metzler, whenever that event occurs.

It is defendants' contention that the words, "in case of my husband's death" express an intention to dispose of the property by the latter words of gift only if Theodore Metzler predeceased the testatrix. It is therefore apparent that if any ambiguity exists it arises principally from the connecting phrase, "in case of my husband's death."

This court has had occasion to pass upon similar language used in wills and has given such language a settled legal meaning. In the case of *DeHaan v. DeHaan,* 309 Ill. 323, it is stated that the rule is that where there was a devise simpliciter to one person and in case of his death to another, there being no circumstances of an uncertain nature specified with respect to such death, the death contemplated by the testator will be regarded as one occurring before his own death, and such devisee takes a fee. The language of the will in that case included a phrase almost identical with that in the instant case. There the testator devised thirty-four per cent of his estate to his wife subject to a ten-year trust and, in a later clause of the will, provided that, "The interest which my wife, Fanny DeHaan, is to take under this will shall in case of her death go to my son Henry DeHaan, Jr." The court held there that the testator by this language contemplated his wife's death before his own and that the fee vested in his wife at the testator's death, she having survived him.

We find in the case of *Knight v. Knight,* 367 Ill. 646, that the will in question there provided, "4th: I give and bequeath unto my daughter, Dora Knight, and to my son, Roy Knight all my real estate, with the provision that the same not be sold until at least twenty years after my decease, and in the even of the death of either of the two named heirs the real estate is to be the property of the survivor." The court applied in that case the rule and interpretation of the *DeHaan case,* saying that since there

was a devise simpliciter to the appellant and her brother and there is no contingent or uncertain circumstance connected with their deaths and no language of the will showing a different meaning, the death must be construed to mean death before the death of the testator. To the same effect is *Fifer* v. *Allen,* 228 Ill. 507, *Liesman* v. *Liesman,* 331 Ill. 287, and *Smith* v. *Shepard,* 370 Ill. 491.

An examination of the disputed clause here reveals it to contain only the simple formula to Theodore Metzler in fee with a gift over to the brother and sisters of testatrix "in case of Theodore Metzler's death." The gift over, as thus expressed, has a settled legal meaning as revealed in the decisions above cited. Where the language of a will has a settled legal meaning, the intention of the testator is to be drawn from that language, and surrounding circumstances will not be permitted to import a different meaning from that expressed, unless there exists such an ambiguity or uncertainty as to permit and require a construction by the court. *Allen* v. *Beemer,* 372 Ill. 295.

Here, when the connecting phrase is given its settled legal meaning, no ambiguity or uncertainty remains on which to apply the rules of construction. The controverted clause expresses a clear intention of the testatrix to give her property to her husband, Theodore Metzler, in fee, conditioned on his surviving the death of the testatrix. The greater part of the clause makes a contingent devise to the brother and sisters of testatrix, conditioned upon the death of the husband before that of the testatrix. Theodore Metzler, the husband, having survived testatrix, took the gift in fee and the contingent gift over to the brother and sisters failed by the failure of the contingency on which their gift was passed.

Plaintiffs rely heavily on the cases of *Scott* v. *Crumbaugh,* 383 Ill. 144, *Gahan* v. *Golden,* 330 Ill. 624, and *Catlett* v. *DeRousse,* 310 Ill. 343. Those cases are not applicable here by reason of the difference in language in

those cases when compared with the language in the instant case. In the *Crumbaugh case* the will recited a devise to the testatrix' husband in fee followed by the words, "and togathe with My Interest in My Husbmans Estate At The Death of My Husbman Simeon Crumbaugh Two Thousand Dollars of the above described property to go My Brothers and Sisters and the balance to be shared Equally betwen My Brothers & Sisters and My Husbman Brothers & Sisters." The words, "At The Death of My Husbman," which presented the crucial problem of intention, connote no element of uncertainty but implement a positive direction to take effect at a time which was certain to occur. Such words are in no way within the settled legal interpretation of the phrase, "in case of my husband's death," on which the instant case turns. In *Gahan* v. *Golden,* after a devise in fee of the residuary estate to the testator's wife, the will recites, "The residue of this my estate, at the death of my wife Flora B. Golden to go to my two daughters Ruth E. Gahan and Marjorie M. Golden, share and share alike." It is obvious the language in this case is entirely dissimilar from that of the instant case. In the *Catlett case,* the provision in the will was, "I give and devise all the rest, residue and remainder of my real estate to my wife, Josephine Catlett, and after the death of my wife, Josephine Catlett, it is my will that all the residue, of whatever kind, name and nature, shall go to my son, Henry Catlett." This language is not at all comparable with the language used in the present case. The language contained in the Catlett will, "after the death of my wife" contains no element of uncertainty, but appoints a time certain to arrive when the action directed to follow it is to take place. The contingency of, "in case of my husband's death," was not present there as in the instant case and could not be controlling.

Giving the phrase, "in case of my husband's death," its meaning as determined in the decisions, the second clause

of the will is unambiguous and clear. There being no ambiguity or uncertainty in the clause, there is nothing to construe. A court does not acquire jurisdiction to construe a will merely by allegation that a question requiring construction exists, when the record shows there is no such question. *Bartlett* v. *Mutual Benefit Life Ins. Co.* 358 Ill. 452.

No construction being necessary, the court did not err in allowing defendants' motion to dismiss plaintiffs' original and amended complaints. The decree, therefore, is affirmed.

*Decree affirmed.*