(No. 35156.—

MELVIN J. CARR, Appellant, *vs.* CLARENCE HERMANN *et al.*, Appellees.

*Opinion filed May 22, 1959.*

LINDAUER, LINDAUER, PESSIN & NIEMAN, of Belleville, for appellant.

MERYL T. SCHROEDER, of Mascoutah, and JOHN T. THOMAS, and WILBUR E. KREBS, both of Belleville, for appellees.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

A complaint for partition of a 183-acre farm was filed in the circuit court of St. Clair County by the plaintiff, Melvin J. Carr, who claimed a 1/21st interest therein as executory devisee under the will of Peter Hermann, deceased, and some 35 parties, including the executors of the William Hermann estate, the St. Paul's Evangelical Church of Freeport, and other descendants and devisees of Peter Hermann, were named as defendants. Certain of these parties filed a motion to dismiss the complaint on the ground that by its own allegations it showed plaintiff had no interest in the property, and upon hearing the lower court sustained the motion and dismissed the complaint. Upon direct appeal the sole question presented is whether plaintiff has such an interest as would warrant his instituting the present suit.

The complaint alleged that by a will executed in 1881, the said Peter Hermann provided for the division of his property among his eleven children so that upon the testator's death each would receive either cash or land worth $5,400, and as a part of this testamentary plan, one of such children, namely William Hermann, was given the 183 acres now in question (which was then valued by the testator at $6,400) upon condition that he pay $1,000 to his

father's estate in order to equalize the shares. In 1903 a codicil was attached to this will which read as follows:

"In case my son, William Hermann, dies without any children or descendants of children and leaves a wife surviving him, then in that event, the property real and personal devised and bequeathed to him in this will, shall go to my remaining children or descendants of a child, the descendants of a deceased child taking the share of the parent, in equal shares except the surviving widow of my said son, William Hermann, if he leaves any, shall have from my estate the sum of Four Thousand Dollars in money. The word children herein shall be taken to mean children of his body."

The complaint further alleged that Peter Hermann died in 1904 leaving surviving his children, Phillip Hermann, Peter Hermann, Louis Hermann, Edward Hermann, William Hermann, Christina Schatte, Catherine Joseph, Emma Wilderman, Elizabeth Hermann, Julia Hermann, and Louise Hermann. In 1913, all right, title, and interest which Peter, Catherine, Phillip, Emma, and Louis had in the 183-acre tract was conveyed by warranty deed to William Hermann, who thereafter continued in possession of the property until he died testate in 1957, a widower without descendants surviving. By his own will, William Hermann directed that all his property be sold by his executors, and, after the payment of certain debts and bequests, that the residue pass to St. Paul's Evangelical Church of Freeport, Illinois.

The complaint also alleged that Peter Hermann's remaining five children who had not joined in the 1913 conveyance all predeceased William Hermann, and only two, namely Edward and Christina, left descendants who survived him. The plaintiff, Melvin J. Carr, is the only child of a predeceased daughter of Edward Hermann. The defendants, Lorraine Hermann, Lester Hermann, and Quido Hermann, are Edward's son and children of a deceased son, respectively. Adolph Schatte, Augusta Schatte, Elmer Gain, Edward Gain, Evelyn Thompson, and Ethel Reeves, defendants herein, are the descendants of Christina Schatte.

The plaintiff contends that upon the death of Peter

Hermann in 1904, fee title to the 183-acre tract vested in William Hermann, subject however to being divested by the latter's death without children or descendants surviving, and that when William Hermann so died in 1957, title passed to the then remaining descendants of Peter Hermann, the original testator. On the other hand, the defendants insist that under the terms of Peter Hermann's codicil, divestiture was to have occurred only if William Hermann died (1) without children or descendants and (2) leaving a wife surviving. They argue that since William Hermann died a widower, the second contingency did not occur and the property therefore passed to his executors in accordance with the latter's will.

Where, as in the present case, a devise is made to one person but upon the happening of a certain contingency the title immediately passes to another, a base or determinable fee is created in the first taker subject to an executory devise which may either ripen or fail depending upon whether the specified event occurs (*Fifer* v. *Allen,* 228 Ill. 507), and where the gift over is contingent upon, not one, but two separate events, both must happen before divestiture takes place. (*Illinois Land and Loan Co.* v. *Bonner,* 75 Ill. 315; 96 C.J.S., Wills, sec. 721; 57 Am. Jur., Wills, sec. 1246; 3 Page on Wills, Lifetime Edition, sec. 1282.) As stated in the last cited authority: "A gift over on the death of the first taker unmarried and without issue fails if he dies married but without issue, as does a gift over on the death of the first taker without issue and intestate where he dies without issue but leaving a will. A gift over if one should die leaving a wife and lawful issue fails if he dies leaving a wife but no issue * * *." Thus, from an examination of Peter Hermann's will and codicil, we must determine whether in the present situation divestiture was contingent not only upon William Hermann's death without descendants surviving, but also upon the further requirement that he leave a widow.

The lodestar of will construction is to ascertain and effectuate the intention of the testator, provided such is not contrary to law, by comparing the various will provisions with one another and, where possible, by adopting a construction which gives effect to all the language used. (*Wiener* v. *Severson,* 11 Ill.2d 347; *Stern* v. *Stern,* 410 Ill. 377; *McGlothlin* v. *McElvain,* 407 Ill. 142; *Allen* v. *Beemer,* 372 Ill. 295; *Young* v. *Harkleroad,* 166 Ill. 318; *Schaefer* v. *Schaefer,* 141 Ill. 337; *Scott* v. *Crumbaugh,* 383 Ill. 144.) No part will be rejected as meaningless or surplusage if such can be avoided. *Dillman* v. *Dillman,* 409 Ill. 494; *Heitzig* v. *Goetten,* 347 Ill. 619.

Here, the codicil provided that the gift over should occur "in case my son, William Hermann, dies without any children or descendants of children and leaves a wife surviving him" and went on to say that in such event "the surviving widow of my said son, William Hermann, if he leaves any, shall have from my estate the sum of Four Thousand Dollars in money." Despite the reference to *both* the dying without descendants *and* leaving a wife surviving, plaintiff argues that the later words, "if he leaves any," indicate that, although the testator recognized his son might predecease the wife, he did not intend that divestiture should be contingent upon this event. We do not agree with this conclusion. Rather, in our opinion, the words, "if he leaves any," merely repeat the second contingency that he "leaves a wife surviving him," and shows the testator was well aware that the son might or might not survive his spouse. Such tends to negative the thought that the words, "and leaves a wife surviving him," were inadvertently inserted by the scrivener without regard to their apparent meaning, especially when we compare the disparity of importance which exists between the two phrases. Whereas the words, "if he leaves any," are a mere parenthetical term which adds nothing to the preceding phrase, the words "and leaves a wife surviving him" are an in-

tegral part of the paragraph without which the codicil's expressed language would be completely altered.

Of the seven devises contained in the Peter Hermann will and codicil, only the 183 acres received by William Hermann were subjected to conditions of divestiture. Plaintiff attempts to explain this by pointing out that the subject property was the testator's "home place" and he would therefore be more concerned about its retention in the Hermann family than he would be about the other tracts. Be that as it may, it might also indicate a desire to prevent a surviving spouse from claiming a fee interest therein. It is interesting to note that at the time the codicil was executed in 1903, and until long after the testator's death, a surviving widow could renounce her husband's will and claim a fee interest in his property only if he left no child or descendants of a child surviving (Hurd's Rev. Stat. 1903, chap. 41, par. 12), and likewise in case of intestacy, the widow was barred of a fee interest if descendants survived. (Hurd's Rev. Stat. 1903, chap. 39, par. 1.) Thus, at that time under either the Dower Act or the Descent Act, a wife could acquire such an interest in her husband's real estate only (1) if the husband left no children or descendants of children surviving and (2) if she herself survived her husband. Since these are the exact events enumerated in the codicil, neither can be rejected as mere surplusage. It is our opinion that the testator intended, by means of his will and codicil, to provide for divestiture only if William Hermann died without leaving children or descendants *and* if he left a wife surviving. Since both contingencies did not occur, the gift over failed, and plaintiff did not acquire an interest in the subject property so as to warrant his instituting this partition suit. For the reasons stated, the decree of the circuit court of St. Clair County dismissing the complaint is therefore affirmed.

*Decree affirmed.*