Commonwealth of Pennsylvania, by Robert P. Kane, Attorney General, Plaintiff *v.* Frank C. Hilton, Defendant.

Argued February 4, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*J. Justin Blewitt, Jr.,* Deputy Attorney General, with him *Howard M. Levinson,* Deputy Attorney General, *Lawrence Silver,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for plaintiff.

*Harold Gondelman,* with him *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for defendant.

OPINION BY JUDGE ROGERS, April 7, 1976:

The Commonwealth of Pennsylvania by its Attorney General has filed in this Court its complaint in equity alleging that the defendant, Frank C. Hilton, while holding the position of Secretary of the Commonwealth's Department of Property and Supplies caused the Commonwealth to place insurance through brokers who, in conspiracy with the defendant, paid the defendant kickbacks of premiums in amounts exceeding $177,000, for which activities defendant was indicted, tried, convicted and sentenced in Pennsylvania Federal District Courts.[1] The complaint seeks our order that the defendant pay the plaintiff the amount of money unlawfully obtained by the means described in the complaint, that we impress a trust on property of the defendant, that we declare that the defendant holds title to such property as constructive trustee as to the amount unlawfully received, that the defendant be enjoined from transferring or otherwise disposing of property until the plaintiff's claim is satisfied and general relief.

The defendant has filed preliminary objections to the Complaint now before us for disposition, reading in full as follows:

"1.  The plaintiff has a full, complete and adequate non-statutory remedy at law.

"2.  The complaint fails to set forth a claim upon which relief can be granted.

---

1. The complaint reveals that the judgments of sentence have been appealed.

"3. The complaint as filed attempts to deprive the defendant of his rights to a trial by jury."

The preliminary objections are without merit and must be overruled.

The facts alleged in the complaint present a classic case for the imposition of a constructive trust on the kick-backs assertedly received by the defendant.

"Unless otherwise agreed, an agent who makes a profit in connection with transactions conducted by him on behalf of the principal is under a duty to give such profit to the principal." RESTATEMENT (SECOND) OF AGENCY, §388 (1958).

"Where a fiduciary in violation of his duty to the beneficiary receives or retains a bonus or commission or other profit, he holds what he receives upon a constructive trust for the beneficiary." RESTATEMENT OF RESTITUTION §197 (1937).

"Thus, if a trustee, a corporate officer, or an agent entrusted with the management of property insures the property in a company of which he is an agent, and he receives from the company a commission for placing the insurance, he is accountable for the commission so received and holds it upon a constructive trust for his beneficiary." RESTATEMENT OF RESTITUTION §197, comment (a) (1937).

"When a person holding title to property is subject to an equitable duty to convey it to another on the ground that he will be unjustly enriched if he were permitted to retain it, a constructive trust arises." RESTATEMENT OF RESTITUTION §160.

"A person entitled to restitution is entitled, in an appropriate case, to a remedy by a proceeding in equity, and not merely to a remedy by a proceeding at law." RESTATEMENT OF RESTITUTION, Chapter 9, Introductory Note (1937).

"The imposition of a constructive trust, unlike the finding of an express or a resulting trust, does not require that the parties specifically intended to create a trust; it is an equitable remedy designed to prevent unjust enrichment. Buchanon v. Brentwood Fed. Sav. & Loan Ass'n, 457 Pa. 135, 320 A.2d 117 (1974); Piero v Piero, 438 Pa. 119, 264 A.2d 692 (1970); RESTATEMENT OF RESTITUTION §160 (1937); 5 A. Scott, LAW OF TRUSTS §§ 404.2, 462 (3d ed. 1967). There is thus no rigid standard for determining whether the facts of a particular case require a court of equity to impose a constructive trust; the test is whether or not unjust enrichment can thereby be avoided. This Court has repeatedly cited with approval the off-quoted language of Justice (then Judge) CARDOZO in Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 386, 122 N.E. 378, 380-81 (1919):

'A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest equity converts him into a trustee. . . . A court of equity in decreeing a constructive trust is bound by no unyielding formula. The equity of the transaction must shape the measure of relief.'

See, e.g., Buchanon v. Brentwood Fed. Sav. & Loan Ass'n, supra at 152, 320 A.2d at 127; Shapiro v. Shapiro, 424 Pa. 120, 129, 224 A.2d 164 (1966); Chambers v. Chambers, 406 Pa. 50, 54-55, 176 A.2d 673, 675 (1962)." *Stauffer v. Stauffer*, Pa. , 351 A.2d 236 (1976).

The Commonwealth's claim as pleaded being cognizable in equity, the defendant's further objection based on his asserted right to a jury trial provided by Article 1, Section 6 of the Pennsylvania Constitution also fails.

"It is insisted that this act is repugnant to that clause of the constitution which guarantees 'that trial by jury shall be as heretofore, and the right thereof remain inviolate'. . . . The founders of this state brought with them to their new abode the usages to which they had been accustomed. . . . Among them was trial by jury. . . . But never in England was there any usage, and consequently never was there any right in the subject, that every litigated question of fact should be submitted to a jury. In all that large class of cases which are cognizable in courts of equity, there never was any right of trial by jury. . . ." *Byers and Davis v. Commonwealth,* 42 Pa. 89, 94 (1862).

## ORDER

And now, this 7th day of April, 1976, it is ordered that the defendant's preliminary objections be and they are hereby overruled, with leave to the defendant to file an Answer within twenty days after notice of this order.

---

### CONCURRING OPINION BY JUDGE BOWMAN:

As the majority opinion notes, among the several kinds of relief prayed for by plaintiff's complaint in equity is that the Court impress a trust upon all property of the defendant. Although it is possibly premature to speak to this subject at this time, I have serious doubt that the legal fiction of a constructive trust structured upon principles of unjust enrichment and restitution should or can be impressed upon all property of the fictional trustee regardless of when such property was acquired or its nature or kind. It may be that a contrary view is expressed or inferred by the majority opinion in dismissing defendant's preliminary objections in the nature of a demurrer.

DISSENTING OPINION BY JUDGE KRAMER:

I respectfully dissent. I agree entirely with the principles set forth in the majority opinion that a constructive trust (trust *ex maleficio*) may be imposed under the alleged facts of this case, except for one missing element: an alleged trust res.

One of the necessary elements of any trust, including a constructive trust, is property or a property interest, upon which the trust may be imposed. In the Commonwealth's complaint there is not one word describing what property constitutes the trust res. There are allegations that Hilton illegally solicited, received, and extorted monies belonging to the Commonwealth or its agencies; but there is not one allegation relating to where those monies are, whether they still exist, or whether they were transformed into, or are represented by, some other properties in Hilton's name.

To clarify the point I make, suppose Hilton (1) has given all of the alleged illegal monies to a third party; or (2) has purchased with the said money realty which is held in a tenancy by the entireties; or (3) has dissipated all of the alleged illegal monies and his remaining property was acquired years before the alleged improper incidents giving rise to the imposition of a constructive trust, in none of these instances would it be proper, as a matter of law (remembering that the matter is before us on preliminary objections), to impose a constructive trust without a joinder of additional defendants in whose name or point name the property may exist, or without allegations of the existence of the exact property upon which the trust is to be imposed.

In *Mellon National Bank and Trust Company v. Esler*, 357 Pa. 525, 55 A. 2d 327 (1947), our Supreme Court cited with approval *Gray v. Leibert*, 357 Pa. 130, 135, 53 A. 2d 132, 135 (1947), where the following definition is found: " 'a constructive trust arises where a person *holding title to property* is subject to an equitable duty to

convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." (Emphasis added.) In *Philadelphia v. Heinel Motors, Inc.,* 152 Pa. Superior Ct. 493, 502-503, 16 A.2d 761, 765 (1940), our Superior Court stated:

> "A 'constructive trust' has been defined to be 'a relationship with respect to property subjecting the person *by whom the title to the property is held* to an equitable duty to convey it to another on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property. . . .' " (Emphasis added.)

In all cases involving constructive trusts in this Commonwealth the courts consistently refer to the enforcement of a trust on specific property held in the name of a wrongdoer or a third party with knowledge of the wrongdoing. Even in those cases where the property, such as money, is commingled with other funds, the courts consistently refer to the tracing of a property interest into the commingled funds.

It is not possible to impose a trust upon an expectancy of a judgment, such as is alleged in this case. *See Restatement (Second) of Trusts,* §§74, 75, 86. An expectancy is not that kind of property, or interest in property, which can be held in trust. The subject matter (the trust res) must be definite and ascertainable at the time the trust is imposed. *See Restatement (Second) of Trusts,* §76. The trust res must be a property interest in *praesenti,* one that is subject to transfer. A mere hope on the part of the Commonwealth that it will obtain a judgment in this case, no matter how strong it may appear from the allegations of the complaint, may not be transformed into a trust res.

In other words, I observe a deficiency in the complaint of the Commonwealth in that it fails to allege with specificity any monies or property held by Hilton or traceable

to Hilton upon which a trust can be imposed. Although my position may appear to be somewhat technical or academic, I believe it is based upon sound principles of trust law which cannot be ignored. If the majority is correct, in every criminal extortion, embezzlement, burglary, or larcency case the defendant could have a constructive trust imposed upon all he owns (whether or not the money or property was obtained by the criminal act). While that has an appealing ring to it, it is just not the law.

I would sustain the preliminary objections, and, by order, permit the Commonwealth to amend its complaint to correct the defects I have described above, for if Hilton does hold monies or property received as a result of the alleged extortions, then the constructive trust described by the majority should be imposed.