Josephine **FISHMAN**, Individually and as Administratrix with Will Annexed of the Estate of Toby B. Fishman, Deceased, Respondent,

v.

Edgar J. **KEATING**, Executor of the Estate of Toby B. Fishman, Deceased, et al.,

and

Agnes Fishman, Appellants.

No. KCD 27695.

Missouri Court of Appeals, Kansas City District.

Aug. 30, 1976.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 12, 1976.

Donald E. Raymond, Kansas City, for appellants.

Billy S. Sparks, George D. Blackwood, Jr., Kansas City (Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, of counsel), for respondent.

Before PRITCHARD, C. J., and ELLIOTT, CONNETT and McFARLAND, Special Judges.

GLENNON E. McFARLAND, Special Judge.

This case involves the construction of the Last Will and Testament of Toby Fishman. The pertinent provisions of the will read as follows:

### ARTICLE II

I give, devise and bequeath to my beloved wife, AGNES FISHMAN, my home at 2828 East Eleventh Street, Kansas City, Jackson County, Missouri, together with all household goods, furniture, furnishings and automobiles. In addition to the above bequest, I give, devise and bequeath to my beloved wife that portion of my estate which she would have received under the laws of the State of Missouri if I had died intestate.

### ARTICLE III

I give and bequeath to my beloved cousin, TOBY FISHMAN, the sum of $2,500.00.

### ARTICLE IV

I give and bequeath to TEMPLE B'NAI JEHUDAH the sum of $2,500.00.

### ARTICLE V

All the rest, residue and remainder of my estate, whether real, personal or mixed, and wherever situated, I give, devise and bequeath to my beloved wife and my beloved cousin, Toby Fishman, share and share alike.

The testator, Toby Fishman, died a resident of Jackson County, Missouri, on May 18, 1971, and the will was duly admitted to probate in the Probate Court of Jackson County, Missouri. The testator left surviving neither father, mother, brother, sister

nor descendants of any of them but was survived by his widow, Agnes Fishman, appellant herein. Respondent is the widow of Toby B. Fishman (a cousin of testator) who was the person named in Article III of the will as "cousin Toby Fishman". "Cousin Toby Fishman" died September 3, 1971 and respondent is executrix and sole distributee under his will.

Testator was a lawyer who had practiced law in Jackson County, Missouri and had been engaged in managing investments in Mexico and other states and in buying, selling and renting real property in the state of Missouri. Appellant and testator were married July 2, 1964 and the will was executed October 6, 1964. At the time of the marriage testator was 78 years of age and appellant was 49 years of age and he and appellant lived together as husband and wife until his death on September 3, 1971. Testator was declared incompetent July 27, 1966.

The case was submitted in a trial to the court upon a stipulation of facts and the trial court construed the will as follows:

(1) Appellant would receive testator's home at 2828 East 11th Street, Kansas City, Jackson County, Missouri, together with all household goods, furniture, furnishings and automobiles pursuant to Article II.

(2) Respondent would receive the specific bequest of $2,500.00 pursuant to Article III.

(3) Temple B'Nai Jehudah would receive the specific bequest of $2,500.00 pursuant to Article IV.

(4) The residue to be divided equally between appellant and respondent pursuant to Article V.

■ The appeal being from a court tried case, the appellate court considers the whole record and reviews the case on the stipulated facts and the law. The judgment of the trial court will therefore be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

The basic problem presented is whether or not the second sentence of Article II conflicts with Articles III, IV and V and the proper construction to be given to the will.

■ Appellant contends that no conflict or ambiguity exists. In explanation of this conclusion she insists that testator's plan of distribution is carefully and clearly set out and clearly shows her to be the primary object of his bounty. Under her theory of construction she would receive all of the personal property of the estate and all of the real estate located in the State of Missouri. Under her theory the bequests in Articles III, IV and V would be paid from real estate owned by testator outside the State of Missouri. This theory is based on the fact that an intestate decedent's personal property passes under the laws of the domiciliary state and real estate passes in accordance with the laws of the state in which the real estate is located.

Appellant further argues that testator being a lawyer knew precisely the meaning of the language he used and intended to make a specific devise of the home, all household goods, furniture, furnishings and automobiles in the first sentence of Article II and intended to make an overlapping general devise of all property passing under the intestacy laws of the State of Missouri in the second sentence of Article II. Appellant theorizes that testator purposely made such a provision so that the specific devise to appellant in the first provision of Article II would be given priority from abatement in the event some gifts in the will abated in order to pay claims and expenses. Under appellant's theory of construction all of the legacies contained in Articles III, IV and V would abate unless testator owned real property outside the State of Missouri at the time of his death.

Section 474.010, RSMo 1969, defines the share of a decedent's property the widow is to receive if the testator dies intestate. Respondent, citing *Crist v. Nesbit*, 352 S.W.2d 53 (Mo.App.1961), contends that under the language of this statute a widow is entitled to all the estate if a decedent is not sur-

vived by issue, father, mother, brother or sister or their descendants. Thus a devise in a will granting to a widow that portion of the estate which she would have received under the laws of the State of Missouri if the decedent died intestate would pass all of the estate to the widow. Thus construed respondent says the second sentence of Article II is completely at war with both the first sentence of Article II and all of Articles III, IV and V and therefore should be disregarded.

In will construction cases legal precedents are of little value because two wills containing identical language are seldom found and the burden is therefore cast upon the court to ascertain the true intent and meaning of the testator without attempting to write a new will and without making equitable distribution of the estate. *First Trust Company v. Myers*, 351 Mo. 899, 174 S.W.2d 378, 380 (Mo. banc 1943). It is well settled that the court must look to the whole document in determining the true meaning of the testator and if the will is obviously ambiguous the surrounding facts and circumstances should be examined. *Seltzer v. Schroeder*, 409 S.W.2d 777 (Mo. App.1966); *First National Bank of Kansas City v. University of Kansas City*, 245 S.W.2d 124 (Mo.1952).

It is not necessary that the court choose either appellant's or respondent's construction of the second sentence of Article II for the reason that this sentence is inconsistent with the intent expressed in the entire will regardless of the construction adopted. Article II of the will is ambiguous and directly contradicts the provisions of Articles III, IV and V which are clear and unambiguous.

If any reasonable meaning were to be given the second sentence of Article II there would be no need for the bequest in the first sentence of the home, household goods, furniture and furnishings. There would be no need because they would be included in the bequest of the second sentence of the same Article.

Even under appellant's theory the second sentence of Article II would leave Articles III, IV and V nugatory unless the decedent left real property outside the State of Missouri. There is no reference in the will to real property outside the State of Missouri and it is not reasonable that the testator would make the bequests in Articles III, IV and V contingent upon his ownership of out of state real property at the time of his death nor that such nebulous language would be used to create such a contingency.

The second sentence of Article II is irreconcilable with the remaining provisions of the will. Without this sentence all other provisions are consistent and reasonably express the true intent of the testator. Where two provisions of a will are contradictory the provision should prevail which most nearly appears to be in accord with testator's wishes. *Heard v. O'Dell*, 335 Mo. 202, 72 S.W.2d 491 (1934).

The most reasonable construction must be that testator intended to bestow a portion of his bounty upon those beneficiaries of Articles III, IV and V without contingency or reservation. Accordingly, the judgment is affirmed.

All concur.