SHERWIN UNTZ, Plaintiff-Appellant, *v.* LINDA UNTZ *et al.*, Defendants-Appellees.

Second District No. 78-382

Opinion filed July 16, 1979.

Peter B. Nolte, of Berry and Berry, of Rockford, for appellant.

John C. Tower, of Paddock, McGreevy and Johnson, of Rockford, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

This appeal involves a will contest decided in favor of the defendants on cross-motions for summary judgment in the Circuit Court of Winnebago County. Plaintiff appeals and we affirm.

The sole contention of the plaintiff on appeal is that the trial court erred in construing facially ambiguous paragraphs within Clause VII of the will of Elma J. Untz, who died October 13, 1965. The clause consists of three paragraphs, the first of which is not in contention but is reproduced here with the entire clause:

"I give, devise, and bequeath to my son, SHERWIN, all interest which I own in that part of Lot Six (6) Glen Eyre Subdivision, Winnebago County, Illinois, lying South of the South line of Lot Seven (7) of said Subdivision and North of a line running East and West four (4) feet North of the building immediately South of my home at 6220 North Second Street, Loves Park, Illinois. In the event SHERWIN does not survive me, then I give this real estate to CHARLES HENRY UNTZ.

In addition to receiving the above real estate in fee simple, I give to my son, SHERWIN, the life use of the buildings and property South of the above described tract. Upon his death or in the event he does not survive me, then I give, devise, and bequeath all of my interest in the last above described property to CHARLES HENRY UNTZ. In the further event that said CHARLES HENRY UNTZ shall not then be living, I give, devise and bequeath all of

my interest in the last above-described property to RHONDA UNTZ and LINDA UNTZ, as joint tenants and not as tenants in common.

The remainder interest in all of said property lying South of the tract described above (my home) I give to CHARLES HENRY UNTZ, and if he is not living at the time of my death, then said remainder interest shall go to RHONDA UNTZ and LINDA UNTZ, as joint tenants and not as tenants in common."

The property involved in the devises in Clause VII are described as Parcels A and B for the purpose of this appeal. The northerly part disposed of by paragraph one is denoted here as Parcel A and the southerly portion, the subject matter of paragraphs two and three, is denoted as Parcel B.

The trial court, entering judgment for the defendants, found that paragraphs two and three granted conflicting devises. It found that the second paragraph devised a life estate to the testator's son, Sherwin, and that finding is not contested here. Further, the trial court found that the testator had granted a vested remainder, subject to being defeated by a condition subsequent to Sherwin's son, Charles. The condition subsequent, reasoned the trial court, was that Charles survive the life tenant. The trial court noted that while Charles survived the testator, he predeceased the life tenant. The trial court's conclusion and order was that Charles' vested remainder subject to a condition subsequent was defeated by Charles predeceasing the life tenant and therefore the testator's grandchildren, Rhonda and Linda Untz, defendants here, had executory interests and that they take in joint tenancy upon the death of the life tenant.

The trial court observed that paragraph three granting the remainder to Charles was conditioned on Charles surviving the testator, which in fact did occur. Nonetheless, because it found the second paragraph clear, unambiguous, and enforceable the trial court determined that the provisions of paragraph three should be disregarded as surplusage.

■■ A will must be construed, if possible, to give effect to *all* the language used by the testator. (*Griffin v. Griffin* (1963), 29 Ill. 2d 354, 194 N.E.2d 641; *Carr v. Hermann* (1959), 16 Ill. 2d 624, 158 N.E.2d 770.) Accordingly, if possible, effect is to be given to each sentence, phrase, or word, and every clause and provision of the will. (*Feder v. Luster* (1973), 54 Ill. 2d 6, 294 N.E.2d 293.) No applicable language can be ignored, regardless of its position in the will, and no clause, words, or language should be arbitrarily rejected as meaningless, insignificant, or surplusage. *Feder.*

We begin our analysis of the contested clause by observing that in paragraph one the testator unambiguously granted the northern portion of Lot Six, Parcel A here, to Sherwin if he survived her, and if not, to

Charles. Again, no issue is raised as to that devise. Similarly, no issue is raised as to the life estate granted Sherwin in the southerly portion of Lot Six, Parcel B here. In paragraph three the testator granted a vested remainder in Charles, if he survived the testator and if not, a gift over to her grandchildren, Rhonda and Linda Untz. As noted previously Charles survived the testator.

Without more the testator's scheme would be patently obvious. But there is more. After granting a life estate to Sherwin in paragraph two there is language which at least is confusing in light of the provisions of paragraph three granting a vested remainder in Charles if he survives the testator.

■■■ We regard paragraph three, regardless of its position in the clause, as granting a vested remainder to Charles since he survived the testator as required by paragraph three. Nonetheless, while an inference cannot affect the devise of a fee, if the language of the will clearly shows the testator's intention to reduce, qualify, or cut down the fee, such intention will prevail, and it is immaterial in what part of the will the intention to cut down the fee is manifested. (*Knisely v. Simpson* (1947), 397 Ill. 605, 74 N.E.2d 695; *In re Estate of Reeve* (1946), 393 Ill. 272, 65 N.E.2d 815.) Further, an estate in fee may be created by will subject to be defeated or terminated on the happening of some future event or contingency and the testator may, by his will, create an estate in fee subject to a condition or contingency on the occurrence of which the estate in the first taker shall terminate and the title to the property vest in another. *Mitchell v. Snyder* (1949), 402 Ill. 279, 83 N.E.2d 680; *Glass v. Johnson* (1921), 297 Ill. 149, 130 N.E. 473.

Pursuing our analysis of paragraph two, we conclude that it was the testator's further intention that Charles' vested remainder (granted in paragraph three) was subject to being divested or defeated upon the occurrence of a condition subsequent. That condition would be his failure to survive the life tenant. We arrive at this conclusion by giving effect to *all* the relevant language of paragraph two and invoking the rule of construction that ordinarily a specific provision, here paragraph two, prevails over or modifies a general provision (*Board of Administration v. Stead* (1913), 259 Ill. 194, 102 N.E. 173; *Logan v. Harris Trust & Savings Bank* (1955), 8 Ill. App. 2d 61, 130 N.E.2d 211). Specifically, after granting a life estate to Sherwin the testator said:

> "Upon his death or in the event he does not survive me, then I give, devise, and bequeath all of my interest in the last above described property to CHARLES HENRY UNTZ. In the further event that said CHARLES HENRY UNTZ shall not *then* be living, I give, devise, and bequeath all of my interest in the last above-described

property to RHONDA UNTZ and LINDA UNTZ, as joint tenants and not as tenants in common." (Emphasis added.)

■ Quite clearly the second quoted sentence relates to the first. The first sentence discussed two events, (a) the termination of Sherwin's life estate and (b) the event that Sherwin predeceased the testator. We hold that the effect of the second sentence, in relation to the first event of the first sentence, was to require that Charles must survive the life tenant to have a remainder interest. The vested remainder granted him in paragraph three was diminished and, as it turned out, defeated by the language of the second sentence of paragraph two which provided that (paraphrasing) "In the further event that said CHARLES HENRY UNTZ shall not then be living, * * *" "[u]pon his death * * *" (referring to the death of the life tenant) the testator's interest in the property would go to Rhonda and Linda.

While not relevant to what happened here, we are of the opinion that the second event referred to by the second sentence set out above was "* * * or in the event he [Sherwin] does not survive me * * *" and if Charles "* * * not then be living * * *" the testator's interest was granted to Rhonda and Linda. Again, Sherwin and Charles survived the testator, so the provisions for the event of their predeceasing the testator are moot.

In sum we conclude that in the contested provisions of Clause VII, giving full effect to all the language therein, the testator granted a life estate to Sherwin with the remainder to Charles if he survived the testator and, if not, a gift over to Rhonda and Linda. The testator further provided that in the event Sherwin and Charles predeceased her, her interest was devised to Rhonda and Linda. And finally she provided that if Charles survived her but predeceased the life tenant his remainder was defeated and Rhonda and Linda took an executory interest. Since Charles survived the testator but predeceased the life tenant, Rhonda and Linda Untz have an executory interest and they take a fee simple in Parcel B at the termination of the life estate.

Therefore, the judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

RECHENMACHER and SEIDENFELD, JJ., concur.