545 A.2d 43

**Victoria W. CHILDS, et al.**

v.

**Josephine D. HUTSON, et al.**

**No. 179, Sept. Term, 1987.**

Court of Appeals of Maryland.

Aug. 3, 1988.

T. Bruce Hanley and William J. D. Somerville, III, Towson, for appellants.

Robert J. Carson (Michael James Kelly, Kathryn Grill, Graeff, Smith, Somerville & Case, all on brief), Baltimore, for appellees.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

MURPHY, Chief Judge.

This will construction case involves a devise of real property to a life tenant and whether, considering the provisions of the will in their entirety, a broad power given to the life tenant to dispose of the entire estate during her lifetime permitted her to make an outright gift of the property to her daughter.

I

Clementine Del Gavio executed a will on December 16, 1964. At that time, she had three living children: Frank V. Del Gavio, Josephine C. Hutson, and Emilia A. Wheeler. Emilia and her daughter, Victoria, lived with Clementine at the 22–acre family home on Paper Mill Road in Baltimore County. Clementine died on June 18, 1965; her three children survived her.

In Item III of her will, Clementine devised the Paper Mill property to Emilia for life, with "full power to sell, mortgage, lease, rent or in any other manner whatsoever to dispose of the entire estate, or any portion thereof (except by Will)." Item III of the will further provided that in the event Emilia sold the Paper Mill property, the net proceeds would be divided, per stirpes (1) $1,000 to son, Frank, (2) one-third to daughter, Josephine, and (3) two-thirds to

daughter, Emilia. The will also provided that if Emilia predeceased the testatrix or died "before exercising the right to sell," then the property was to be sold by the executor and the net proceeds divided, per stirpes (1) $1,000 to son, Frank, (2) one-third to daughter, Josephine, and (3) two-thirds to granddaughter, Victoria. All the rest and residue of Clementine's estate was given to Emilia.

On March 14, 1983, Emilia deeded the Paper Mill property in fee simple to her daughter, Victoria, without consideration. Several months later Emilia died.

Josephine and two sons of Frank Del Gavio (who died May 13, 1979) brought an action to invalidate Emilia's deed to the Paper Mill property. The trial court (Fader, J.) invalidated the deed, reasoning that the provisions of Clementine's will, considered in their entirety, did not empower Emilia to make a gift of the property. The Court of Special Appeals affirmed in an unreported opinion and we granted certiorari to consider the significant issue presented by the case.

## II

In affirming the trial court's judgment, the intermediate appellate court first recognized that the cardinal rule in will construction cases is to ascertain the intention of the testatrix as determined from the four corners of the will. It found that the testatrix's primary intent in devising the Paper Mill property to Emilia was to provide for her support and comfort during her life; that this intention was manifested by the fact that Clementine left Emilia her entire estate outright, except for the Paper Mill property; and that if Emilia wanted to live elsewhere, or needed money for her support, she was empowered to sell the property and retain two-thirds of the sale proceeds for herself. The court determined that the power of disposition in Clementine's will had to be construed "in juxtaposition with this clearly evidenced intent of the testatrix to support Emilia" and that the only construction consistent with that intent was "that any such disposition be one that generates

proceeds to support Emilia so long as she was alive." The court concluded that while "Emilia's lifetime needs were paramount ... [Clementine] did not forget her other two children" and, therefore, precluded Emilia from making a testamentary disposition of the Paper Mill property. Consequently, the court said that to permit Emilia to make a fee simple gift of the property "would clearly defeat the patent intent of the testatrix to provide [Emilia] with a home or an alternative in the form of rental subsidy." Moreover, the court observed that to permit a gift "would defeat the testatrix's secondary intention that her other issue share in the devise if Emilia no longer had need for the home or the rental property." In support of its conclusion, the intermediate appellate court relied upon several Maryland cases which narrowly construed broad powers of disposition.[1]

## III

The appellants (Victoria and Clementine's executor) contend that the Court of Special Appeals erred in holding that broad powers of disposition, as were given to Emilia, should be narrowly rather than liberally construed. They claim that the plain meaning of the words contained in Clementine's will manifested an intention to grant Emilia absolute powers of disposition of the Paper Mill property, including disposition by gift. They argue that Clementine's intention must be gathered from only one source—the words employed by her. Accordingly, the appellants say that because Clementine vested Emilia with unlimited power to dispose of the Paper Mill property "in any other manner whatsoever," except by will, that intention can only be gratified if Emilia's gift of the property is upheld. Once Emilia's power of disposition was exercised, according to the appellants, the remainder interests in the Paper Mill property were extinguished, as they were wholly subject to Emilia's exercise of the power.

---

1. The cases cited were *King v. Bankerd,* 303 Md. 98, 492 A.2d 608 (1985); *Smith v. Hardesty,* 88 Md. 387, 41 A. 788 (1898); and *Balls v. Dampman,* 69 Md. 390, 16 A. 16 (1888).

## IV

It is clear that both the circuit court and the intermediate appellate court sought to ascertain, from the four corners of the will, Clementine's intention with respect to the devise of the Paper Mill property and the extent of the power of disposition intended to be vested in Emilia. That, of course, is the paramount, the predominant consideration, the testatrix's intention being gleaned from the provisions of the will considered in their entirety. *See Emmert v. Hearn,* 309 Md. 19, 23, 522 A.2d 377 (1987); *Monroney v. Merc.–Safe Dep. & Trust,* 291 Md. 546, 550, 435 A.2d 788 (1981); *McElroy v. Mer.–Safe Dep. Co.,* 229 Md. 276, 283, 182 A.2d 775 (1962). Of course, as appellants maintain, the intention of the testatrix is to be determined by the words employed by her. But those words are not to be considered in isolation, but only in association with the other provisions of the will—the overall testamentary plan of the testatrix. In other words, the will must be read as a whole. Therefore, Emilia's power to sell, mortgage, lease, rent, or "in any other manner whatsoever to dispose of the entire estate," except by will, must be construed in light of, and circumscribed by, Clementine's intent that the property would provide a residence or support for Emilia but would eventually be sold and the proceeds distributed to the designated beneficiaries. Thus, while the words contained in the broad power of disposition given Emilia in this case, if literally applied, would accommodate a gift of the property, the will in its entirety reveals that such a disposition was not within Clementine's real intention. The general plan of Clementine's will required that whatever disposition Emilia made of the property under the power granted to her, a monetary value would be received for it.

We thus agree with the Court of Special Appeals that to interpret Emilia's power of disposition to permit a gift of the property would defeat Clementine's intention (a) that Emilia have the use and benefit of the property during her lifetime and (b) that the property, when sold (either by

Emilia during her lifetime, or by the Executor in the event Emilia did not sell it prior to her death), would result in a distribution of the proceeds to Clementine's beneficiaries named in Item III. Indeed, had Clementine intended that Emilia have an unrestricted power of disposition over the property, she would have given it to her outright, as she did with her other property.

While the Court of Special Appeals based its decision primarily on the intention of the testatrix, it found "support" for its conclusion in several Maryland cases which it said required a narrow reading of broad powers of disposition. *See* n. 1, *supra.* In view of the obvious intention of the testatrix not to permit a gift of the property in any event, we need not consider whether these cases actually support the intermediate appellate court's decision. In any event, as we noted in *Payne v. Payne,* 136 Md. 551, 554, 111 A. 81 (1920), decisions in other will construction cases are of little aid in attempting to ascertain actual testamentary intent.[2]

JUDGMENT AFFIRMED, WITH COSTS.

---

**2.** In addition to the Maryland cases cited at n. 1, *supra, see* the cases collected at 83 A.L.R.3d 135 (1978) (right of life tenant with power to anticipate or consume principal to dispose of it by inter vivos gift). In particular, *see Pearson v. Orcutt,* 106 Kan. Kan. 610, 189 P. 160 (1920).