584 A.2d 77

Stephanie BELL, et al.

v.

Lucia FORTI and Joseph Montedonico Co–Personal
Representatives of the Estate of Joseph S. Forti.

No. 209, Sept. Term, 1990.

Court of Special Appeals of Maryland.

Jan. 16, 1991.

Jo Benson Fogel (Christopher P. Abod, on the brief), Rockville, for appellants.

Alfred F. Belcuore (Montedonico & Mason, Chartered, on the brief), Washington, D.C., for appellees.

Argued before MOYLAN, GARRITY and FISCHER, JJ.

MOYLAN, Judge.

This is an appeal from a summary judgment in the Circuit Court for Montgomery County sitting as the Orphan's Court denying appellant, Stephanie Bell, any portion of the estate of Joseph S. Forti (Decedent). Appellant contends that the court erred in granting the summary judgment motion of the personal representatives, Lucia Forti (Lucia) and Joseph Montedonico (Montedonico), by finding that Joseph Forti's will clearly excluded her. She also contends that she was entitled to a portion of the estate as a pretermitted heir.

Stephanie Bell was born on May 20, 1971, the child of Margaret Elizabeth Bell and the decedent. Joseph Forti was at that time married to Lucia, with whom he had two children, Kenneth and Denise. Margaret Bell and the decedent never married; he remained married to Lucia Forti until his death. After appellant's birth the decedent openly acknowledged her to be his child, both in writing and orally.

The Fortis jointly consulted with Montedonico and Francis Canale of Montedonico & Mason, Chartered regarding the preparation and execution of their wills. Both wills contained virtually identical language. On October 28, 1987, the decedent executed his Last Will and Testament, appointing Lucia and Montedonico as personal representatives. He never informed either attorney of Stephanie Bell's existence. The decedent died on May 1, 1990, and the will was admitted for probate on May 12.

Margaret Bell filed a claim against the estate on behalf of Stephanie, then a minor, on November 4, 1988. She claimed that Stephanie was the decedent's natural child and could rightfully inherit a portion of the estate under his will. The pertinent provisions are as follows:

## PREAMBLE

I, JOSEPH S. FORTI, domiciled in Montgomery County, Maryland, make, publish and declare this to be my

Last Will and Testament and I revoke all my prior wills and codicils.

I am married to LUCIA M. FORTI, who is referred to in this Will as "my wife". *We* presently *have two children*, KENNETH J. FORTI and DENISE A. FORTI who together with any other children of mine born or adopted after the execution of this Will, are referred to in this Will as "my children".

\* \* \* \* \* \*

### ARTICLE FOURTH

#### *Disposition of Residuary Estate*

I give to my Trustees, in trust, the remainder of my estate, including all property over which I may have any power of appointment. This trust shall be known as the "Residuary Trust" and shall be held, administered and distributed as follows:

\* \* \* \* \* \*

2. *Division of Trust into shares.* On the death of my wife, or on my death if my wife does not survive me, whichever last occurs, my Trustees shall divide the trust estate as then constituted into separate shares, equal in value, one share for *each of my children* then living, and one share of each of my children then deceased with descendants then living.

\* \* \* \* \* \*

### ARTICLE NINTH

C. *Definitions.*

\* \* \* \* \* \*

2. *Child, Children.* Reference to "child" and "children" mean *lawful descendants in the first degree,* whether by blood or adoption (and whether born or adopted before or after the execution of this instrument), of the parent designated. (emphasis added).

On May 1, 1988, the personal representatives filed a first accounting, requesting that the estate be distributed to a residuary trust "f/b/o Lucia Forti, for life with remainder

equally to Denise and Kenneth Forti." Appellant filed exceptions to the accounting. The appellees then filed a motion for summary judgment, and a hearing was held on November 8, 1989. After granting the motion for summary judgment, the court instructed both parties to submit memoranda of law addressing whether appellant was a pretermitted heir:

"All right, the Court has had an opportunity to go over all the motions and memoranda in this case and has looked at the cases cited by counsel, and it is the opinion of the Court that the testator's will, Mr. Forti's will in this case, is clear, that the language is unambiguous, that he clearly defined his children in the preamble as being Kenneth J. Forti and Denise A. Forti, that the definition of his children prevails over the more general clause which is found later in the will, the more general boiler plate language concerning children on page 16 of the will, paragraph C2, and that the Court will therefore grant the personal representative's Motion for Summary Judgment, no genuine issue of material fact being present."

The appellee's motion for summary judgment regarding appellant's pretermitted heir claim was also granted by written order on January 17, 1990.

### Summary Judgment Standard

The Court's primary concern when reviewing the grant or denial of a summary judgment motion is deciding whether a dispute as to a material fact exists. Md.Rule 2–501; *King v. Bankerd*, 303 Md. 98, 111, 492 A.2d 608 (1985); *Mayor and City Council of Balt. v. Fid. & Dep. Co.*, 282 Md. 431, 446, 386 A.2d 749 (1978); *Dietz v. Moore*, 277 Md. 1, 4, 351 A.2d 428 (1976) (quoting *Brown v. Suburban Cadillac*, 260 Md. 251, 255, 272 A.2d 42 (1971)). All inferences are resolved against the moving party. *King v. Bankerd*, 303 Md. at 111, 492 A.2d 608; *Dietz v. Moore*, 277 Md. at 4, 351 A.2d 428. Summary judgment is improper when there is "a conflict between the inferences that may be drawn from that before the court." *King v. Bankerd*, 303 Md. at 111,

492 A.2d 608. The function of appellate review is not to decide the triable issues or determine their credibility. *May Dept. Stores v. Harryman,* 65 Md.App. 534, 538–539, 501 A.2d 468 (1985), *aff'd,* 307 Md. 692, 517 A.2d 71 (1986). For the reasons stated *infra,* we find there is a genuine dispute of material fact regarding the decedent's intentions when he drafted his will. Determination of this triable issue is necessary to resolve the appellant's right to a share in the decedent's estate. Accordingly, we reverse and remand for findings in accordance with this ruling. In order to aid the orphan's court in its determination on remand, we point out the applicable law.

### Pretermitted Child

The Orphan's Court correctly determined that the appellant cannot share in the estate under the pretermitted child statute. The only dispute was one of law which the Orphan's Court could properly resolve. Md. Rule 2–501; *King v. Bankerd,* 303 Md. at 111, 492 A.2d 608.

A pretermitted child is statutorily entitled to a share in the estate if:

"(1) The will contains a legacy for a child of the testator but makes no provision for a person who becomes a child of the testator subsequent to the execution of the will;

(2) The child was born, adopted, or legitimated after the execution of the will;

(3) The child, or his issue, survive the testator; and

(4) The will does not expressly state that the child, or issue, should be omitted."

Md.Est. & Trusts Code Ann. § 3–301(b) (1974).

The appellant must meet all the criteria to receive a share in the decedent's estate. The Orphans' Court addressed only the second requirement, the timing of the legitimation in regard to the will. The court did not need to determine whether the appellant met the other criteria when it found that she failed to qualify as a pretermitted

child because she was legitimated before the will was executed. With no legal support whatsoever, the appellant maintains that she can only be legitimated judicially under Section 1–208 of the Estates and Trust Article, and that the court has yet to make such a determination. Section 1–208, however, provides three additional means of legitimation: by acknowledgment in writing, by openly and notoriously recognizing the child, or by marrying the mother and acknowledging himself orally or in writing to be the father.

The appellant produced uncontroverted evidence showing that the decedent had openly and notoriously recognized her as his child long before he executed his will in October, 1987. The Orphans' Court correctly ruled that she was legitimated prior to October, 1987, and could not, therefore, be a pretermitted child eligible to receive a share of the estate.

### Intent of Decedent

When construing a will, the court must effectuate the testator's intent. *Emmert v. Hearn*, 309 Md. 19, 23, 522 A.2d 377 (1987). Intent is ordinarily ascertained from the four corners of the instrument itself. *Childs v. Hutson*, 313 Md. 243, 247, 545 A.2d 43 (1988); *Cole v. Bailey*, 218 Md. 177, 180, 146 A.2d 14 (1958); *Marty v. First Nat'l Bank of Balt.*, 209 Md. 210, 216–217, 120 A.2d 841 (1955). It is gathered from the language of the entire will, including the preamble, 1 Bowe–Parker, *Page on Wills*, § 6.2, 228 (4th ed. 1961 & Supp.1990), and particularly from the clause in dispute. *Marty v. First Nat'l Bank of Balt.*, 209 Md. at 217, 120 A.2d 841. The words of the will are given their plain meaning and import. *Emmet v. Hearn*, 309 Md. at 23, 522 A.2d 377; *Marty v. First Nat'l Bank of Balt.*, 209 Md. at 217, 120 A.2d 841. If there is a latent ambiguity, parole evidence is admissible to show intent. *Monmonier v. Monmonier*, 258 Md. 387, 390, 266 A.2d 17 (1970). A latent ambiguity exists where the language used in the will is apparently definite and specific but is applicable with equal certainty to each of several subjects or objects. *Id.*

If two provisions within the will are contradictory, the provision which most nearly appears to be in accord with the testator's wishes should prevail. *Fishman v. Keating*, 542 S.W.2d 314, 317 (Mo.App.1976). Similar to the rules of contract construction, a specific will provision should prevail over or modify a general provision. *Untz v. Untz*, 74 Ill.App.3d 133, 30 Ill.Dec. 90, 92, 392 N.E.2d 745, 747 (1979). Where a general description of a wide class or group does not correspond exactly with the testator's enumeration of particular individuals within the group:

> "... the question is which of the two intentions is the paramount intent, indicating the result to be reached, and which is the subsidiary or minor intent, indicating the suggested means of reaching the result. As a rule the will is so worded as to indicate that the particular enumeration is intended to limit the general description.... On the other hand, the will when taken as a whole may show that the general terms express testator's paramount intent; and that the particular terms were given by way of illustration or as additional or supplemental provisions, and the like." (footnotes omitted).

4 Bowe–Parker, *Page on Wills*, § 30.21, 140. The testator's general intention prevails over minor discrepancies, omissions, or contradictions in the will. *Mercantile–Safe Deposit & Trust Co. v. Mercantile–Safe Deposit & Trust Co.*, 246 Md. 106, 113, 228 A.2d 289 (1967); *McElroy v. Mercantile–Safe Deposit & Trust Co.*, 229 Md. 276, 283, 182 A.2d 775 (1962).

In the case *sub judice*, the appellant contends that she is the decedent's child and, therefore, entitled to a share of his estate. She argues that the language of the will does not expressly exclude her from the class defined as "children," and that the wording of the preamble applies only to the decedent's children with his wife, Lucia. The appellant further maintains that additional testimony and evidence support a finding that the decedent did not intend to exclude her from his estate. The appellees, on the other hand, assert that the wording of the preamble limited the mean-

ing of "children" so as to encompass only Kenneth and Denise. Thus, they conclude that the decedent did not intend for the appellant to inherit any part of his estate.

Pursuant to Maryland law, the appellant would be considered the decedent's child if he:

"(1) Has been judicially determined to be the father in an action brought under the statutes relating to paternity proceedings; or

(2) Has acknowledged himself, in writing, to be the father; or

(3) Has openly and notoriously recognized the child to be his child; or

(4) Has subsequently married the mother and has acknowledged himself, orally or in writing, to be the father."

Md.Est. & Trusts Code Ann., § 1–208(b). The provision is intended to provide a means of legitimation for inheritance purposes. *Thomas v. Solis,* 263 Md. 536, 542, 283 A.2d 777 (1971). The appellees do not contest the affidavits presented by the appellant averring that the decedent had acknowledged himself, both in writing and openly and notoriously, to be her father since the time of her birth. While a material fact, it is not disputed, and the Orphans' Court judge properly found that Stephanie Bell had been legitimated by Stephen Forti prior to October, 1987.

■ The Orphans' Court judge erred, however, in finding that the decedent did not intend for appellant to inherit under his will. The intent of the testator, although ultimately to be determined by the court, is a disputed material fact in this case and cannot be properly decided on a motion for summary judgment.

The children named in the preamble are described as the children of both the decedent *and* his wife, clearly a closed class consisting only of Kenneth and Denise. Although the appellant is not also named as a child, the preamble does not state that the decedent had no other children. In Article Ninth of the will, "children" is defined to mean

"lawful descendants in the first degree, whether by blood or adoption." As a legitimated child, the appellant clearly fits within that category. Whether or not the decedent intended her to inherit is a question of material fact.

The appellant cites *Matter of Estate of Padilla*, 641 P.2d 539 (N.M.App.1982) as standing for the proposition that a child will inherit unless expressly disinherited by the testator. In that case, the testator declared "I have no children whom I have omitted to name or provide for herein." The court found that his illegitimate child was entitled to a share in the estate under a statute providing for inheritance unless "it appears from the will that the omission was intentional." 641 P.2d at 543. The cases construing that statute (and similar statutes in other states) held that it required an affirmative indication of the decedent's intent to disinherit on the face of the will. Maryland does not have such a statute.

■ Maryland, however, has long adhered to the doctrine that an "heir is never to be excluded on mere conjecture." *Welsh v. Gist*, 101 Md. 606, 611, 61 A. 665 (1905). Although a parent can disinherit a natural child, *McGarvey v. State*, 311 Md. 233, 238, 533 A.2d 690 (1987) (quoting *Besche v. Murphy*, 190 Md. 539, 549, 59 A.2d 499 (1948)), the implication that the parent meant to do so "must be *obvious,* and not merely possible or probable; for the title of the heir at law being plain, no words in a will ought to be construed in such a manner as to defeat it, if they can have *any* other signification." (emphasis added). *Welsh v. Gist*, 101 Md. at 611–612, 61 A. 665. *Cf. Munroney v. Mercantile–Safe Deposit & Trust Co.*, 291 Md. 546, 435 A.2d 788 (1981). The appellant's claim cannot simply be dismissed out of hand—as the decedent's child, she may not be disinherited unless the court finds that the decedent obviously intended to disinherit her.

The will, moreover, is to be "read in the light of the surrounding circumstances at the time the will was made." *Marty v. First Nat'l Bank of Balt.*, 209 Md. at 217, 120

A.2d 841. The decedent and his wife consulted their lawyers together, and executed their wills at the same time. The wills were virtually identical. There is evidence that Lucia was not aware of the appellant's existence. It is not inconceivable that the decedent might have wished to maintain his 20–year silence rather than face the consequences if the truth were told. For that reason, it is also understandable that the decedent would not inform his lawyers.

Under the circumstances, the definition of "children" in the decedent's will may constitute a latent ambiguity, which would allow the appellant to introduce an alleged statement by the decedent that she would be provided for.

Accordingly, we reverse and remand for findings in accordance with this ruling.

JUDGMENT REVERSED AND CASE REMANDED FOR TRIAL; COSTS TO BE PAID BY APPELLEES.